### Charles E. Rector v. Hartford Deposit Co.

1. WRIT OF ERROR—*Appellee May Have the Writ upon the Same Record Where He Does Not Assign Cross-errors.*—Where an appellee assigns no cross-errors he retains his common law right to sue out a writ of error upon the same record.

2. LANDLORD AND TENANT—*Assignment of the Lease Does Not Release the Assignor from his Covenant to Pay Rent.*—An assignment of a lease by the lessee does not release him from his covenant to pay rent for the term.

3. SAME—*What Provisions Do Not Release the Tenant from his Obligation to Pay the Rent.*—A clause in a lease that the lessee " may, at any time, assign the lease and the term demised, or the unexpired portion thereof, to any reputable person or persons," does not release the assignor from his liability to pay rent.

4. CONTRACTS—*Previous Negotiations Merged in the Final Agreement.*—Whatever may have been said by and between the parties to a contract in the course of previous negotiations is merged in the final agreement as embodied in writing, which is to be regarded as the final conclusion and agreement upon which the minds of such parties met.

5.  ESTOPPEL—*By Accepting Rent from the Assignee of a Lease.*—The lessor is not estopped to claim his rent from his tenant by having accepted a portion of the rent from the assignee of the lease and given receipts for the same in his own name, but made out in the name of his tenant, as assignor.

**Action for the Recovery of Rent.**—Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding.  Heard in the Branch Appellate Court at the October term, 1901.  Affirmed.  Opinion filed July 2, 1902.

THORNTON & CHANCELLOR, attorneys for plaintiff in error.

HUGH L. BURNHAM, attorney for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action brought to recover rent.  The main facts are stated in Hartford Deposit Co. v. Rector, 92 Ill. App. 175, and in the opinion of the Supreme Court in the same case reported in the 190 Ill. 380, affirming the judgment of the Appellate Court.  We need not repeat them here.

When the appeal to the Appellate Court was prosecuted by defendant in error no cross-errors were assigned by the present plaintiff in error.  He therefore retains his common law right to sue out this writ of error upon the same record. Page v. The People, 99 Ill. 418–425.

Other suits are pending against plaintiff in error to recover rent for different portions of the term for which it is sought to enforce the latter's liability, and these suits by agreement of the parties are to abide the determination of the cause before us.  The whole amount involved is said to be $20,850.

The issues raised by the pleadings are in the main those presented at the former hearing on appeal.  These are, first, that the lessee has been released from any and all covenants of the lease, including the covenant to pay rent, by reason of his assignment of the lease to one Clayton, a reputable person, in accordance with the provisions of a modifying clause written in the instrument; second, that there has been a surrender of the term by the lessee accepted by the

lessor; third, that the execution of the written lease was an act *ultra vires* and void.

The clause of the lease above referred to, under which the lessee claims to have been released, consists of a modification of the provision that the tenant shall not assign the lease or underlet the premises without the written assent of the lessor. This modification is as follows : " And the said party of the first part hereby agrees that the above provisions may be modified to the extent that the said party of the second part may, at any time hereafter, assign this lease, and the term hereby demised, or the unexpired portion thereof, to any reputable person, persons or corporation."

Plaintiff in error did assign the lease to one Clayton, who paid the rent in full for the next four months and for part of the fifth month. It was held upon the former hearing on appeal, by both the Appellate and Supreme Courts, that this modifying provision did not operate to relieve the assignor from further liability for rent after the assignment; that it had the effect only to relieve him from the necessity of obtaining the written assent of the lessor to such assignment.

It is again urged, as it was before, that the trial court erred in excluding that part of the agreed statement of facts embodied therein to show that the " special covenant" or modifying clause was added for the purpose of affording the lessee permission to assign the lease. This was not disputed, but it is immaterial. The Supreme Court has disposed of the objection as follows : " We do not think the statement of facts presented reason for departing from the rule that the agreement of the parties should be determined from the writing alone, and upon this ground the ruling of the court should be sustained." Rector v. Hartford Deposit Co., 190 Ill. 383.

It is further contended that the trial court erred in refusing the proffered testimony of plaintiff in error, to the effect " that prior to June 1, 1898, Mr. Rector called upon Mr. Gobel, the agent of the Hartford Building, and stated to Mr. Gobel that he was about to sell and dispose of his

business and to assign his lease to one Charles B. Clayton, and asked said agent if the said Clayton would be satisfactory to him as a tenant; that Mr. Gobel replied that he had known Mr. Clayton for quite a number of years; that he was entirely satisfactory to him, and that he would accept Mr. Clayton in place of Mr. Rector as a tenant, and would release Mr. Rector from any further liability and would make out a new lease to Mr. Clayton." The court refused also to permit the introduction of the testimony of Mr. Clayton and one Robert Stites, offered to prove that they were present and heard the foregoing conversation and would so testify. It is also contended that the court erred in excluding, upon the objection of the defendant in error, a portion of the agreed statement of facts, as follows: "When Mr. Clayton went into possession of the premises he asked the agent of the building for a lease running to himself. It was repeatedly promised, but the promise was never fulfilled." The right to except to the relevancy or competency of any of the facts contained in the statement agreed upon between the parties and introduced in evidence had been reserved, and in the exercise of such right, the consideration of the portions of the statement referred to was objected to on the ground that they were incompetent, irrelevant and immaterial. The objection was sustained.

It is conceded that these objections were not raised by assignment of cross-errors, and were not expressly passed upon on the appeal formerly prosecuted by the present defendant in error; but the latter's attorney urges that they were "to all intents and purposes covered by said opinions." The Appellate Court expressed its views upon the point as follows (92 Ill. App. on p. 179): "The second ground of defense to the action   *   *   *   was an alleged surrender and acceptance. There is no evidence to support such a defense. The only evidence which could tend to such a defense was a part of the stipulation of facts, which was excluded by the court, as we think properly. No question as to the propriety of the ruling is presented by any assignment of cross-errors. There is no basis whatever, as

we view the case, for holding that there was here any surrender and acceptance. The mere fact of the assignment and the acceptance of rent from the assignee, carries no conclusion of a surrender and acceptance. (Hoerdt v. Hahn, 91 Ill. App. 514)." The Supreme Court, in its opinion, although stating that it was concluded on the question of fact by the judgment of the Appellate Court, holds, nevertheless, that the terms and conditions under which Clayton entered into possession having been expressed in the written consent of the lessor to the assignment appearing on the back of the lease, and Clayton having indorsed in writing thereon his acceptance of the lease on those terms and conditions, the trial court "correctly refused to consider the oral testimony of Clayton tending to contradict and vary the terms and conditions of the assignment of the lease as set forth in writing." There is no denial of the proposition urged by plaintiff in error that a tenant may prove by parol the surrender of the premises embraced in a written lease, under a parol agreement between the landlord and himself, releasing him from the obligations of the lease, and that "any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume possession of the demised premises, amount to a surrender by an operation of law." (Alschuler v. Schiff, 164 Ill. 298.) The doctrine is, in effect, re-affirmed in the opinion of the Supreme Court under consideration, citing Williams v. Vanderbilt, 145 Ill. 238. A surrender of a lease "may be inferred from the acts and conduct of the parties." But the principle is not applicable in the case at bar. Here, whatever conversation may have occurred prior to the assignment to Clayton, and whatever promises may have been made by the agent of the lessor, the terms and conditions of the assignment were subsequently reduced to writing and indorsed on the lease. The assignment was made by the lessee, Rector, to Clayton, June 1, 1898, as appears by the agreed statement of facts. The lessor subsequently consents by such writing to the assignment to Clayton, but " on the express condition, how-

ever, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the lessee as therein mentioned;" and Clayton, over his signature and seal, assumes to ˙perform the covenants of the lease "in consideration of the above assignment and the written consent of the lessor." That written consent was given on the "express condition" that the assignor should remain liable. This was the contract of the parties, and the rule applies that whatever may have been said by and between them in the course of the previous negotiations, or before the negotiations, the agreement as embodied in the writing must be regarded as the final conclusion and agreement upon which the minds of the parties met. Evidence that a parol promise or agreement of a different character had preceded, is therefore immaterial and irrelevant. The presumption of law is that such parol agreement, if made, had been abandoned and the one embodied in the writing adopted in its stead. The excluded evidence under consideration at the most tended to show only that the lessor had promised and agreed to do what it subsequently refused to do, viz., release the assignor from liability. It did not tend to show any acts of the parties from which a surrender of the written lease could be inferred. The material part of the alleged promise not fulfilled was that the lessor ".would release Mr. Rector from any further liability and would make out a new lease to Mr. Clayton." The conversation is said to have occurred prior to June 1st, the date of the assignment. The alleged promise was made with reference to an assignment not then completed, but only intended to be made, and was as yet a mere conditional promise, not legally binding on either party. The intention to assign might not be carried out. The lessee might conclude not to make it. He might change his mind. It appears that meanwhile the lessor did change its mind, and all its acts and its subsequent conduct show that it refused to comply with the promise when the time for action came, refused to release Mr. Rector and refused to make out a new lease direct to Clayton. The

promise prior to the assignment was immaterial. The question is what was done at the time of the assignment or with reference thereto. The testimony was properly excluded.

It is claimed that the lessor is estopped by having accepted rent from Clayton and having given him receipts therefor in his own name, which were subsequently destroyed and new receipts made out in the name of the assignor. But the lessor had accepted the assignment to Clayton, and the fact that it gave receipts direct to him, for rent paid by him, is in no way inconsistent with its refusal to release the assignor. The subsequent destruction and substitution of receipts, no matter what may have been the motive, we deem immaterial.

It is urged that the court erred in refusing to hear evidence upon the substitution of Mr. Clayton for Mr. Rector under the provisions of the lease, giving as a reason that the scope of the authority of the agent did not include changing of tenants under the lease. Whether the reason was sound it is not necessary to consider in view of what we have above said. The testimony would have tended to prove only the promise to release if the assignment should be made, and was not material in view of the admitted facts.

We find no error in the judgment and it must be affirmed.