SYLVESTER S. BLISS, Impl'd,

v.

SAMUEL S. GARDNER ET AL.

</div>

1. LANDLORD AND TENANT—ASSIGNMENT BY LESSEE—RECEIPT OF RENT FROM ASSIGNEE.—Where a tenant has assigned his interest in the lease, and the landlord has recognized the assignee as his tenant and accepted rent from him, the lessee is no longer liable to the lessor *in debt*, for the rent.

The assignment and acceptance by the lessor destroys the privity between the lessor and lessee necessary to support the action of debt.

2. Parol assignment—Statute of frauds.—Although the assignment was by parol, yet it having become executed and the assignee accepted by the landlord as a tenant, the statute of frauds can have no application, and the landlord is in no position to avail himself of the statute.

Appeal from the Circuit Court of Cook county; the Hon. W. K. McAllister, Judge, presiding.

Mr. David Fales, for appellant; that the action of debt is not maintainable against a lessee after an assignment and acceptance of rent from the assignee, cited Taylor's Landlord and Tenant, § 618; Wadham v. Marlow, 8 East 314; 1 Salk. 81; Misch v. Brace 2 Cro. 334; Wall v. Hinds, 4 Gray 256; Fletcher v. McFarlane, 12 Mass. 43.

The parol assignment having been executed, is not within the Statute of Frauds: Swansey v. Moore, 22 Ill. 65.

The fact that demised premises are found in the possession of parties not named in the lease, raises a presumption that they are assignees and not under-tenants: Acker v. Witherell, 4 Hill, 112.

As to proof sufficient to establish the relation of assignee: Carter v. Hammett, 18 Barb. 608; Armstrong v. Wheeler, 9 Cow. 88.

Appellees by proving their claim in bankruptcy against the assignee of the lease, and giving a receipt in full therefor on payment of dividend have released the lessee: Sherman v. Cook, 2 B. & A. 119; Walker v. Richardson, 2 M. & W. 882.

Messrs. Tuley, Stiles & Lewis, for appellees; contending that a tenant is liable for rent after assignment, though the landlord has accepted the assignee as his tenant, cited Frank v. Maguire, 42 Pa. St. 77; Shaw v. Partridge, 17 Vt. 626; Bailey v. Wells, 8 Wis. 141; Hunt v. Gardner, 39 N. J. Law, 530; Flitchen v. McFarlam, 12 Mass. 43; Wall v. Hinds, 4 Gray, 256; Mills v. Auriol, 4 T. Rep. 94; Boot v. Wilson, 8 East. 311; Taylor's Landlord and Tenant, § 438.

Acceptance of the assignee as tenant does not amount to proof

of surrender: Hunt v. Gardner, 39 N. J. Law, 530; Bailey v. Wells, 8 Wis. 141.

Covenant will lie on a lease under seal: Taylor's Landlord and Tenant, §§ 428, 620.

Or assumpsit on lease not under seal: Root v. Wilson, 8 East. 311.

In this State assumpsit will lie in either case: Practice Act, § 19.

Debt is also an appropriate remedy: Bouvier Law Dic. title, "Debt."

The lease being for more than one year, the assignment should have been in writing: Taylor's Landlord and Tenant, § 247; Woodfall on Landlord and Tenant, 204.

The lessor could not enforce the covenants of the lease against the assignee: Cox v. Bishop, 8 DeG. M. & G. 815.

A lessee cannot by his own act, without the assent of the lessor, destroy the tenancy: Wadham v. Marlowe, 8 East. 314.

Bailey, J. This suit was brought by appellees against appellant and one Thomas F. Torrey, co-partners, under the name of Bliss & Torrey, to recover certain rents claimed to be due upon a lease from appellees to them of certain premises in Chicago. As originally brought the action was covenant, but by leave of the court it was afterwards changed to debt, and in that form of action issues were joined and a trial had before the court without a jury, resulting in a judgment against appellant for $431.67 and costs.

The lease, which is in writing though not under seal, bears date February 4, 1873, and demises to Bliss & Torrey the premises in question, from the first day of March, 1873, to the first day of May, 1878, for certain rent payable monthly during said term. The rent claimed to be in arrears and for which suit is brought, is a portion of that payable for the months of June, July and August, 1876. The evidence shows that in April, 1873, more than three years before the rent in question accrued, the firm of Bliss & Torrey was dissolved, said Bliss retiring therefrom and transferring all his interest therein, as well as in said lease, to one Bradley, who had previously been in

the employ of the firm, and that thereupon said Bradley and said Torrey formed a co-partnership under the name of Torrey & Bradley, and as such took possession of the demised premises and paid to appellees the rent thereon as the same accrued until June, 1876, at which time said Torrey & Bradley were adjudicated bankrupts. After such adjudication appellees proved their claim in the court of bankruptcy against the estate of said bankrupts for the identical rent sought to be recovered here. Subsequently, as a result of composition proceedings, said bankrupts were discharged upon the payment of thirty per cent. of their debts, whereupon appellees received and receipted for thirty per cent. of their said claim, it being expressed in said receipt that said thirty per cent. was in full of their claim against said bankrupts under the order of said court of bankruptcy.

It is insisted by appellant that under the facts thus shown he is not liable to an action of debt for the rent in question. The principle seems to be well supported by authority, that after a lessee has assigned his lease and the lessor has recognized the assignee as his tenant and accepted rent from him, the lessee is no longer liable to the lessor *in debt* for the rent, although he may still remain liable to an action of covenant or assumpsit. Thus, Mr. Taylor states the law applicable to this proposition, as follows: "The lessee, as well as his executors and administrators, remains liable to an action of debt by the lessor or his assignee so long as the term continues, and he cannot discharge himself from liability by his own act; if, therefore, the lessee assigns the lease, he or his executor still remains liable for rent in this action; but if the lessor accepts rent from the assignee and recognizes him as his tenant, an action of debt will not lie against the original lessee, though covenant may." Taylor's Landlord and Tenant, § 620. This is upon the principle that the assignment and acceptance of the assignee destroys the privity between the lessor and lessee necessary to support the action of debt. Id. § 618.

It is not disputed that immediately after the assignment by appellant to Bradley the latter went into possession of the premises as tenant jointly with Torrey, the other partner, or

that from that time up to June, 1876, a period of over three years, Torrey & Bradley in fact paid appellees the rent. Appellees, however, dispute their knowledge of the assignment, and claim that during all this time they presented their bills for rent made out against Bliss & Torrey, and receipted for rent in that form—they all the while being ignorant of the fact that Bradley, who was formerly an employee of Bliss & Torrey, had become a partner in the concern. Apart from the great improbability of appellees remaining for more than three years ignorant of Bradley's relations to the firm, while they were all the time collecting from the firm their rent each month, their acceptance of Bradley as their tenant is, we think, conclusively shown by their proving their claim for rent against the estate of Torrey & Bradley after the adjudication in bankruptcy, and receiving the dividend declared in the composition proceedings.

It is claimed by appellees that the assignment of the lease to Bradley not being in writing, is void by the Statute of Frauds, and so cannot be set up to defeat the present action. We are unable to perceive how appellees can avail themselves of the Statute of Frauds, or how, after the parol assignment has been executed and the assignee accepted by the lessors as their tenant, the Statute of Frauds can have any application.

It is insisted by appellant that appellees, by proving their claim in bankruptcy, and afterwards giving a receipt therefor in full on receiving their dividend, have discharged appellant from all liability in any form of action. Upon this proposition we express no opinion, but being satisfied that he is not liable *in debt*, the judgment must be reversed and the cause remanded.

<div align="right">Judgment reversed.</div>