MARTIN M. COONEY

v.

THE A. BOOTH PACKING COMPANY.

*Opinion filed November 8, 1897.*

1. PLEADING—*when court may refuse leave to file amended answer.* Where issues have been formed under sworn pleadings and the cause set for trial by consent, leave to file an amended answer setting up a new defense, but one of which the defendant had been cognizant from the beginning, may be refused, in the absence of any excuse for the delay.

2. CORPORATIONS—*deed passes title to corporation if it may hold land for any purpose.* A deed to a corporation passes the title if the corporation has power to take and hold real estate for any purpose, and the question whether it has exceeded its powers in accepting the conveyance can be raised only by the State.

3. APPEALS AND ERRORS—*objections to the capacity of grantors must be raised below.* An objection, made on appeal from a proceeding under the Burnt Records act, that no title could be derived from one of the deeds in the plaintiff's chain of title because of the alleged incapacity of the grantors therein, cannot be considered where no objection was made to the deed at trial on that ground.

4. EVIDENCE—*sufficiency of preliminary proof to admit abstract in evidence.* Testimony by one who knew the handwriting and signatures in vogue in an abstract office, that an abstract of title made in such office was genuine, together with proof of the custody of such abstract for over thirty years, is sufficient to admit the same in evidence in a proceeding under the Burnt Records act.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

This was a petition filed in the circuit court of Cook county by appellee, the A. Booth Packing Company, a corporation existing under the laws of Illinois, against appellant, Martin M. Cooney, and "all whom it may concern," under the Burnt Records act, to establish and confirm its title to the east half of lot 7 in sub-block 1, and all of lot 12 in sub-block 2, all in Johnston's subdivision of block 19, in Kinzie's addition to Chicago, this addition being a subdivision of the north fraction of section 10, township 39, north, range 14, east, in Cook county, Illinois. The

petition sets out a chain of title from the United States, and avers that no one except the petitioner claims to own an estate in fee simple therein, unless Martin Cooney, the appellant, makes such claim; that the latter is in the actual occupancy of a portion of said premises without right, title or interest, and is a trespasser on the same, and prays that he may be decreed to surrender possession to petitioner. .Appellant filed his answer under oath, October 31, 1896, denying the title of the petitioner and that Kinzie's patent from the United States included the lots in controversy, and alleged that Kinzie had no right to include them in his plat, not being the owner thereof; also, admitting that he (Cooney) is in possession and claiming to be the owner thereof, and denying that his possession is without right or that he is a trespasser. Replication was filed.

On November 5, 1896, the cause was placed on the trial calendar, and was reached on the regular call on January 26, 1897, on which day an application for a continuance was made by appellant, supported by affidavit, and upon the hearing of the motion, by consent of all parties, the cause was set for trial on February 9, 1897. When the cause came on for a hearing on February 9, appellant asked leave to file an amended answer, setting up as a defense that he went into possession of said premises in the year 1849 under claim of ownership, and had been in the actual, peaceable, open, notorious, adverse, exclusive and continued possession of the same ever since, with knowledge and consent of the petitioner and all of its grantors in its chain of title, and that he had erected a house and stable on the premises and enclosed the same with a fence, and erected other valuable improvements thereon, and that neither the petitioner nor its grantors had ever made any claim to or demanded possession of the premises until the filing of the petition in the case. Affidavits were filed by appellee to the effect that the statements sworn to by appellant in his amended answer

were untrue and known to him to be untrue. The court refused leave to file the amended answer. The case was then heard by the court, and a decree entered according to the prayer of the petitioner. From this decree the appellant has appealed to this court.

ALLEN & BLAKE, for appellant.

WILSON, MOORE & McILVAINE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The trial court did not abuse its discretion in refusing leave to appellant to file his amended answer presented on February 9,—the day of the hearing. The issues had previously been made, and the cause set for trial by the consent of the parties. The pleadings were under oath, and the amended answer contained an entirely new defense not before disclosed, and yet one which the defendant was fully cognizant of from the beginning, the facts constituting such new defense being especially within his knowledge. No reason was shown for the delay, nor why the matter contained in the amendment had not been incorporated in the original answer. The ruling of the court was in accord with previous decisions of this court, and no error was committed. *Gregg* v. *Brower,* 67 Ill. 525; *Higgins* v. *Curtiss,* 82 id. 28; *Jones* v. *Kennicott,* 83 id. 484; *Campbell* v. *Powers,* 139 id. 128.

It is next contended that appellee, being an Illinois corporation, cannot own real estate except where it is taken for a debt due it or is necessary for the transaction of its business, and there being no evidence in the record that the real estate in question was so taken for a debt or was necessary for the transaction of the business of the corporation, equity will not lend its aid in establishing title in appellee. This point cannot be sustained. In *Barnes* v. *Suddard,* 117 Ill. 237, we held that if a corporation has power to take and hold real estate for any purpose, when the deed to it is executed the title passes to

it, and whether the corporation exceeded its powers in accepting the conveyance was a question which could only be raised by the State. The cases of *Carroll* v. *City of East St. Louis*, 67 Ill. 568, and *Starkweather* v. *American Bible Society*, 72 id. 50, cited by appellant, are not in point and are distinguished in the case cited.

The further objection that no title could be derived through the Pawtucket Institution for Savings, one of the grantors in the chain of title, is disposed of by the fact that no objection was made to its deed in the court below on the ground of want of capacity in it to take the title. Such objection should have been made below, to give appellee an opportunity to show such capacity, if it were necessary to do so.

Objection is made to the competency of the evidence admitted on behalf of appellee. A general objection made to all the evidence is, that it is nowhere shown that the premises in controversy were covered by the original patent to Kinzie. The patent conveyed to Kinzie "the lot or north fraction of section 10, in township 39, north of range 14, east, in the district of lands subject to sale formerly at Palestine, now at Chicago, Illinois, containing 102.29 acres according to the official plat of the survey of said lands returned to the general land office by the surveyor." The plat referred to in this patent shows that the north fraction of section 10 was bounded on the south by the Chicago river, on the east by Lake Michigan, and on the north and west sides by the north and west section lines. The map of Kinzie's addition shows the same boundaries, and that block 19 was immediately adjacent to the shore of Lake Michigan. This certainly established a *prima facie* case for appellee, and the burden was then on appellant to show that the premises were not within the limits of the land granted by the patent. No such proof was made or attempted to be made.

Appellant contends further that this government plat was not properly certified, but he nowhere points out

wherein the certification is defective. It bears the seal of the general land office, and is signed by the commissioner. It was competent evidence. *Wilcox* v. *Jackson*, 109 Ill. 261.

It is also contended that the abstract of title was not properly proved to make it competent as evidence. H. H. Handy testified that he knew the signature and the writing that were in vogue in the office of J. H. Rees & Co., the makers of the abstract, and that it was a genuine abstract. It was made in 1854, and J. M. Hills testified that the abstract had been in the possession of Ogden, Sheldon & Co., the owners of a part of block 19, for more than thirty years to his certain knowledge. It was properly admitted in evidence. *Chicago and Alton Railroad Co.* v. *Keegan*, 152 Ill. 413.

A general objection is made that the court erred in rejecting proper evidence on the part of defendant, but no such evidence is specifically pointed out in argument.

Finding no error in the record the decree will be affirmed.

*Decree affirmed.*