## Hartford Deposit Co. v. Charles E. Rector.

1. CONTRACTS—*Prior Parol Negotiations Presumed to be Merged.*— Where there is no ambiguity in a sealed lease all the parol negotiations of the parties at the time of its execution are presumed to be merged in the lease.

2. LANDLORD AND TENANT—*What the Assignment of the Leasehold Estate Carries with it—Effect of Acceptance of Rent.*—The right of a tenant to assign his leasehold does not carry with it a release of all obligation upon his covenants to pay rent for the remainder of the term, nor does the acceptance of rent by the landlord from the assignee accomplish such a release of the assigning tenant. The privity of contract is not disturbed by the fact that there is no longer any privity of estate between the landlord and the assigning tenant.

2. ULTRA VIRES—*Where the Defense May be Successfully Interposed.* —The defense of *ultra vires* may be successfully interposed in a collateral proceeding where it is made to appear that the disputed act is one which the corporation was not, under any circumstances, authorized to perform.

4. SAME—*Where the Act is an Abuse of Power Only.*—In cases where the most that can be said of the act is that it is an abuse of power, the plea of *ultra vires* will not avail, for an abuse of power can not be attacked collaterally.

5. CORPORATIONS—*Jurisdiction of the State to Correct Abuses of Power—Ultra Vires.*—Where the act of a corporation is merely an abuse of power the only method of correcting it is through an action by the State.

**Action for Rent.**—Appeal from the Superior Court of Cook County. Heard in this court at the March term, 1900. Reversed and judgment in this court. Opinion filed November 22, 1900.

**Statement.**—This is an action to recover rent.

The appellant company was incorporated under the laws of this State for the object and purpose of erecting and operating safety deposit vaults. No other object or purpose is stated in its charter. The corporation erected a building in the city of Chicago wherein was located a safety deposit vault. Portions of the building not used for the deposit vault were rented for other purposes. The stipulation of facts discloses that by much the larger portion of the building was thus rented out for purposes other than conducting a safety deposit vault, and that the portion used for safety deposit vault purposes was insignificant in comparison to the entire building.

The corporation leased on January 20, 1897, part of the basement of the building in question to appellee for the use and purpose of a buffet restaurant. The term of the tenancy created was five years and three months, from February 1, 1897.

The following conditions were part of the lease: A provision that appellee, the tenant, should not assign the lease or underlet any portion of the premises without the written assent of the lessor, appellant. And this modification of such provision:

" And the said party of the first part hereby agrees that the above provisions may be modified to the extent that the said party of the second part may at any time hereafter assign this lease, and the term thereby demised, or the unexpired portion thereof, to any reputable person, persons or corporation."

On June 4, 1898, appellee assigned the lease to one Clayton, who took immediate possession and held possession up to the time of the trial below.

The following agreements were executed in connection with the transfer to Clayton:

"In consideration of the above assignment and the written consent of the lessor thereto, I hereby assume and agree to make all the payments and perform all the covenants and conditions of the within lease, by said lessee to be made and performed.

Witness my hand and seal this seventh day of June, A. D. 1898.                         CHAS. B. CLAYTON. [SEAL.]"

"The Hartford Deposit Co. hereby consents to the assignment of the within lease to Charles B. Clayton, on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the lessee as therein mentioned, and that no further assignment of said lease or sub-letting of the premises, or any part thereof, shall be made without the written consent of its proper officer had thereto.

In witness whereof the Hartford Deposit Company has caused this consent to be signed by its president and attested by its secretary under its corporate seal, this seventh day of June, A. D. 1898.

HARTFORD DEPOSIT COMPANY,
(L. S.)                         By E. F. GOBEL, President.
HUGH L. BURNHAM, Secretary."

After Clayton took possession of the premises, the rent was paid up to October, 1898. Upon September 5, 1899, a judgment was entered by confession by virtue of a warrant of attorney contained in the lease, against appellee, for rent due. Upon motion of appellee the judgment was vacated and the appellee was let in to plead. A trial was had, wherein jury was waived and the issues submitted to the court upon a stipulation as to the facts and testimony heard by the court.

The defense, presented under appropriate pleadings, consisted as follows:

First. That the effect of the written clause inserted in the lease as explained by conversations had at the time of

its insertion, must necessarily be to release appellee from his covenant to pay rent whenever he should assign his lease to a reputable person.

Second. That appellant accepted Clayton as a tenant in such a manner as to amount to an acceptance by appellant of a surrender of the term from appellee.

Third. That the execution of the written lease by appellant was an act *ultra vires* and void.

Upon the trial the court found the issues for the defendant, appellee. From judgment upon such finding this appeal is prosecuted.

Hugh L. Burnham, attorney for appellant.

Thornton & Chancellor, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellee that the effect of the assignment by appellee to Clayton was, under the provision of the lease, to release appellee from any further liability for rent. In this connection it was sought to show by parol what the understanding of the parties was in the inserting of the provisions as to assigning the lease. All evidence in this behalf was, however, properly excluded by the court. The parol negotiations of the parties at the time of making the lease were all merged in the sealed writing, and there is no ambiguity in its terms. The question presented is, therefore, do the provisions of the lease operate to relieve appellee from any further liability for rent after assignment by him to Clayton. We think not. The most that can be said of the provision permitting appellee to assign, is that it operates to relieve him from the necessity of obtaining the lessor's assent to the assignment. He stood then, as though no limitation upon his right to assign was contained in the lease, or as he would, if, under such limitation, the landlord had assented to the assignment. But the right of the tenant to assign his leasehold does not carry with it a release of all obligation upon

Hartford Deposit Co. v. Rector.

his covenants to pay rent for the remainder of the term after the assignment. Nor does the acceptance of rent by the landlord from the assignee accomplish such a release of the assigning tenant. The privity of contract is not disturbed by the fact that there is no longer any privity of estate between the landlord and the tenant who assigned. 2 Taylor on Landlord & T. (8th Ed.), 438; Sexton v. Chicago Storage Co., 129 Ill. 318; Bliss v. Gardner, 2 Ill. App. 422; Wall v. Hinds, 4 Gray, 256; Bailey v. Wells, 8 Wis. 141; Barnard v. Godscall, Cro. Jac., 309; Auriol v. Mills, 4 T. R. 94.

No question arises here of any distinction between the actions of covenant and debt. The abstract fails to disclose the form of action, and the point is not argued.

We are of opinion that appellee remained liable for the rent under the terms of the lease after the assignment to Clayton.

The second ground of defense to the action of appellant was an alleged surrender and acceptance. There is no evidence to support such a defense. The only evidence which could tend to such a defense was a part of the stipulation of facts, which was excluded by the court, as we think, properly. No question as to the propriety of this ruling is presented by any assignment of cross-errors.

There is no basis whatever, as we view the case, for holding that there was here any surrender and acceptance. The mere fact of the assignment and the acceptance of rent from the assignee carries no conclusion of a surrender and acceptance. Hoerdt v. Hahn, 91 Ill. App. 514.

We come, then, to a consideration of the third ground of defense interposed by appellee to the suit of appellant, viz., that the action of the appellant corporation in leasing to appellee was *ultra vires* and that no action will lie upon such a contract, because it is illegal and void. This ground of defense would be good if it could be said that the act here in question, viz., the leasing of this real estate to appellee, is an act which the appellant corporation could in no event perform under its authorized powers. It is now

established that the defense of *ultra vires* may be successfully interposed in a collateral proceeding where it is made to appear that the disputed act is one which the corporation was not under any circumstances authorized to perform. But the difficulty with the defense as here applied is that the act here in question, viz., holding real estate for the purposes of the corporation and leasing a portion of such real estate for other purposes, is an act which might properly be done under the charter powers of the corporation. The most that can be said of the act is that it is an abuse of a power. In such case the rule is that the plea of *ultra vires* will not avail, for such abuse of a power can not be attacked collaterally. The only method of correction being through action of the State, the abuse, if any, of its power by the appellant, can not be set up collaterally by appellee under the plea of *ultra vires*. Wilmans v. Bank, 1 Gil. 667; Bradley v. Ballard, 55 Ill. 413; Darst v. Gale, 83 Ill. 136; Hough v. C. C. Land Co., 73 Ill. 23; Alexander v. Tolleston, 110 Ill. 65; Kadish v. G. C. E. L. & B. Ass'n, 151 Ill. 532; Barnes v. Suddard, 117 Ill. 237; Cooney v. Booth Packing Co., 169 Ill. 370; Eckman v. C., B. & Q. R. R. Co., 169 Ill. 312; C. & A. R. R. Co. v. Keegan, 185 Ill. 70.

We do not regard the decision in Nat. Home B. & L. Ass'n v. Home Bank, 181 Ill. 35, as asserting any different doctrine than that above announced. It, perhaps, presented more clearly a distinction not noted in the earlier Illinois cases, but it does not announce that a mere abuse of an authorized power can be availed of by any other than the State, and certainly not by one who has entered into the relation of tenant to the corporation, and by such claim of *ultra vires* disputes his landlord's right to demise. The decision in that case holds that a loan association organized under the laws of 1879 has no power to acquire and hold real estate except such as has been mortgaged to it, or in which it has an interest, and that contracts made for the purchase of real estate in which it has no interest are not enforceable. Here the corporation has unquestioned powers to acquire and hold real estate necessary for the pur-

poses of its authorized business. The only question here is, has the corporation abused its authorized power in the manner and extent in which it did the act, which, in a proper manner and to a proper extent, it had power to do.

In the Home Bank case, as in some other Illinois cases, the matter is treated as a question of estoppel, based upon the fact of an executed contract, the benefits of which had been enjoyed by the corporation.

In other cases it is treated as a matter of the right of any other than the State to raise question as to abuse of an authorized power by a corporation. In Eckrum v. C., B. & Q. R. R. Co., *supra*, the court said of this rule of estoppel:

"And this rule applies with equal force to the other party setting up that the contract was *ultra vires* the corporation."

Therefore, in either view, we are of opinion that the defense of *ultra vires* will not here avail.

We are of opinion that the learned trial judge held correctly that the first and second grounds of defense above noted were insufficient to defeat a recovery by appellant, and that there was error in holding that the third ground, viz., the plea of *ultra vires*, constituted a valid defense.

The finding of the court should have been for the appellant company for the amount of rent sued for. This suit arose upon a confession of judgment under the warrant of attorney contained in the lease for the sum of $700, entered September 5, 1899. There is due upon that judgment the amount of $742.50. The judgment of the Superior Court is reversed and judgment is entered here for seven hundred and forty-two dollars and fifty one-hundredths.

Reversed and judgment in this court.