## Phebe Daniels v. Belvidere Cemetery Association et al.

96    387
a193s  181
96    387
a193s  181

1.  Corporations—*Who Can Not Question Their Right to Hold Real Estate.*—Where a corporation by the law of its creation is authorized in some cases, or for some purposes, or to a certain extent, to take and hold the title of real estate, it can not be made a question by any party excepting the State, whether the real estate has been acquired for the authorized uses or not, or is in excess of the capacity of the corporation to take and hold such real estate.  The State alone can assert its policy in this regard.

2.  Same—*When the Plea of Ultra Vires Will Not Avail.*—Where a

cemetery association in acquiring a note and mortgage abused its power in acquiring more personal property than it was authorized to hold by its charter, and sought to foreclose such mortgage by a proceeding in chancery, a plea of *ultra vires* by a defendant will not be sustained, as the abuse of power by the association can not be attacked collaterally but only through the direct action by the State.

**Foreclosure of a Mortgage.**—Error to the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

ROBERT W. WRIGHT, attorney for plaintiff in error.

CARNES & DUNTON, attorneys for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On April 22, 1891, Thomas Walker, father of the defendants in error Edgar Walker and Frank Walker, being indebted to Horace Dyer in the sum of $2,000, executed to him his note with a mortgage on the farm he then owned in Boone county, to secure the same. On March 27, 1893, this mortgage was assigned to Emma V. Riley, and on August 5, 1897, she assigned it to the Belvidere Cemetery Association, it paying her therefor the sum of $2,000, which it derived from the sale of burial lots. Defendants in error Edgar Walker and Frank Walker acquired title to the premises in question by descent from their father, the said Thomas Walker, and on January 20, 1894, they executed three other mortgages on the same premises to Sarah Powell, Cornelia Carter and Phebe Daniels respectively, each for the sum of $800, all being concurrent liens.

At the January term, 1899, of the Circuit Court of Boone County, B. T. Stevenson, who had become the assignee of the Powell mortgage, filed a bill to foreclose the same, making the Belvidere Cemetery Association one of the defendants. Cornelia Carter, who was afterward made a defendant, filed a cross-bill by leave of court to foreclose her mortgage, making Phebe Daniels also a defendant. Phebe Daniels answered the cross-bill and by leave of court filed her cross-bill in which she set out the facts substantially as above stated, and alleged that the Belvidere Cemetery Asso-

ciation was a corporation incorporated by special act of the legislature of Illinois, approved and in force February 18, 1847. The act of incorporation is then set out in full. Section 2 of the act provides, " Said corporation shall have power to own and possess real estate, not exceeding ten acres, and personal property not exceeding $500, which shall be exempt from taxation, execution or appropriation for public uses." The act further provides that the object of the association shall be exclusively and solely to lay out, inclose and ornament plats of ground to be used as a burial place for the dead and to provide for the burial of the dead therein; that the proceeds of the sale of lots, after deducting expenses, shall be appropriated and used in improving and ornamenting said burial ground or any other objects connected with the incorporation. The cross-bill further charges that at the time the cemetery association purchased the $2,000 note and mortgage, it had on hand as assets, more than $500 worth of personal property, in addition to said sum of $2,000 used in making such purchase, and that all of said personal property had been received on account of lot sales and interest on money; that ever since it made such purchase it has had and now has more than $500 worth of personal property in excess of said note and mortgage; that at the time it became the purchaser of the mortgage said cemetery association had no power to purchase the same and that the act of the association in so doing was *ultra vires* the corporation, and that by reason thereof, said mortgage is not a lien upon said premises and ought to be set aside and declared void.

The only prayer for relief is that the mortgage of the cemetery association and the note secured thereby may be decreed to be invalid and not a lien upon the premises. The cemetery association filed a general demurrer to the cross-bill of plaintiff in error, which was sustained. A final decree was entered by the court which directed that the original bill of complaint by B. T. Stevenson be dismissed as to the Belvidere Cemetery Association; that the demurrer of the association to the cross-bill of Phebe Daniels be

sustained and the cross-bill be dismissed as being without equity and that the mortgaged premises be sold by the master in chancery subject to the mortgage of the cemetery association.

Phebe Daniels brings the case here by writ of error and insists that the cemetery association was without power to purchase the note and mortgage in question; that in its hands the mortgage is not a valid obligation and should not be held to be a valid lien on the premises described; that the cemetery association could acquire no rights under the mortgage held by it because it was beyond its power to acquire and own it. She states that she desires to raise no question except as to the validity of the mortgage and the consequent priority of liens.

Waiving the question as to whether appellee is not legally authorized by virtue of the present general laws of the State in relation to cemeteries to hold the mortgage in question, we must hold that the court properly sustained the demurrer to the cross-bill of plaintiff in error for the reason that its legal right to hold the same can not, under the circumstances of this case, be questioned by her. If the right can be questioned at all, the State alone has that power by a direct proceeding instituted for that purpose. The decisions on this question in this State are numerous and in them the distinction is sharply drawn between cases in which a corporation abuses a power vested in it by its charter and those where a corporation attempts to accomplish something wholly unauthorized by its charter.

In cases where the right of a corporation to hold certain real estate has been questioned, it has been held that " where a corporation by the law of its creation is authorized in some cases or for some purpose or to a certain extent, to take and hold the title to real estate, it can not be made a question by any party except the State whether the real estate has been acquired for the authorized uses or not, or is in excess of the capacity of the corporation to take and hold. The State alone must assert her policy in that regard." Barnes v. Suddard, 117 Ill. 237; Alexander v.

Tolleston Club, 110 Ill. 65; Hough v. Cook County Land Co., 73 Ill. 23; Cooney v. Booth Packing Co., 169 Ill. 370.

The case of Hartford Deposit Company v. Rector, 92 Ill. App. 175 (affirmed 190 Ill. 380), involved the right of a corporation organized for the purpose of erecting and operating safety deposit vaults, to rent a portion of its building not used for deposit vaults, for other purposes, and it was there said by the court:

"It is now established that the defense of *ultra vires* may be successfully interposed in a collateral proceeding where it is made to appear that the disputed act is one which the corporation was not under any circumstances authorized to perform. But the difficulty with the defense as here applied is that the act here in question, viz., holding real estate for the purposes of the corporation and leasing a portion of such real estate for other purposes, is an act which might properly be done under the charter powers of the corporation. The most that can be said of the act is that it is an abuse of power. In such case the rule is that the plea of *ultra vires* will not avail, for such abuse of a power can not be attacked collaterally. The only method of correction being through action of the State, the abuse, if any, of its power by the appellant, can not be set up collaterally by appellee under the plea of *ultra vires*."

In the case before us the charter of the corporation did not prohibit it from owning personal property but limited it to the sum of $500. If there is any objection, the most that can be said of the action of the cemetery association, in acquiring the note and mortgage in question, is that it abused its power in acquiring more personal property than it was authorized to do by the charter. But in such case, as shown by the authorities, the plea of *ultra vires* will not be sustained, as the abuse of power can not be attacked collaterally, but only through direct action by the State.

In the case of Darst v. Gale, 83 Ill. 136, it was said: "The general rule is that the plea of *ultra vires* shall not prevail when, instead of advancing justice, it would accomplish a wrong; and it makes no difference in this respect whether it is interposed for or against a corporation."

At the time the three concurrent mortgages were given

to plaintiff in error, Sarah Powell and Cornelia Carter, the mortgage in question here was owned by Emma V. Riley, and that it was then a valid, subsisting lien is unquestioned. To sustain the contention of plaintiff in error that the action of the cemetery association in purchasing the mortgage rendered it void or that such action should be treated as a voluntary payment of the mortgage, would be to give plaintiff in error and the other two mortgagees an advantage which they could not have had in view when their mortgages were executed and which would be manifestly unjust and inequitable. We are of opinion the court below properly sustained the demurrer to the cross-bill of plaintiff in error and its decree is accordingly affirmed.