SECOND DISTRICT—OCTOBER, 1909.    343

Western Telephone Manufacturing Co. v. Foley, 150 Ill. App. 343.

## Western Telephone Mfg. Co., Appellant, v. David T. Foley et al., Appellees.

### Gen. No. 5,129.

1. CORPORATIONS—*when ultra vires defense; when not.* The plea of *ultra vires* may be successfully interposed in a collateral proceeding where the corporation is alleged to have performed an act which it was not under the circumstances authorized to perform. But where the act is a mere abuse or an excessive or improper exercise of the general power which the corporation has, such a plea cannot be successfully interposed.

2. CORPORATIONS—*estoppel as affecting defense of ultra vires.* In equity the defense of *ultra vires* will not be permitted if the effect would be to enable those interposing it who have received a benefit, to escape from the payment of their equitable obligations.

3. CORPORATIONS—*powers.* It may be that a corporation has power, irrespective of express authorization, temporarily to invest in good interest-bearing commercial paper funds temporarily idle but which later will be required for corporate purposes.

Bill in chancery. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed October 19, 1909.

CHARLES T. FARSON, for appellant.

UNDERWOOD & MANIERRE and EDWARD L. UPTON, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The record before us contains a cross bill filed in an original cause entitled David T. Foley et al. v. Winthrop Harbor and Dock Company et al., in which cross bill the Western Telephone Manufacturing Company was complainant, and David T. Foley and Elizabeth M. Heinroth, executors of the last will and testament of Eliza W. Foley, deceased, Caroline Roth and F. H. T. Potter, were defendants; a demurrer to said cross bill by Potter; an order dismissing the cross bill as to Caroline Roth, on motion of cross complainant; an

344    APPELLATE COURTS OF ILLINOIS.

Western Telephone Manufacturing Co. v. Foley, 150 Ill. App. 343.

amendment to the cross bill; a plea thereto by the defendants; an order showing the matter of the plea argued before the court and adjudging the plea sufficient and sustaining the plea, and dismissing the cross-bill for want of equity; and the usual steps to bring said order before this court upon appeal.

The cross-bill refers to the pleadings and proceedings in the main cause, but does not set them out; and we have, therefore, very slight knowledge, from the record, of the nature of the main cause.

It seems, however, that one of the objects of the original bill was to foreclose an instrument called the Underwood trust deed, securing twelve promissory notes made by the Winthrop Harbor and Dock Company, and payable to the order of J. H. Van Vlissingen; that in said suit, up to the entry of a decree of sale, the holder of one of said notes for $600, was a party only by the name of "the unknown owner of said note;" that Van Vlissingen had owed Almira J. Chase a note for $500, and had delivered to her, as collateral security therefor, said note of $600, secured by the Underwood trust deed, and that during all the time of the pendency of said suit till a decree of sale said Almira J. Chase had been the legal holder of said note; that afterwards the cross complainant purchased said $500 note, and still later Van Vlissingen sold the collateral note to the cross complainant in payment of the balance due upon his $500 note; that thereafter cross complainant filed a petition in said original cause asking that it and said Almira J. Chase be made parties defendant; that they were made parties defendant and had leave to file answers, and did file answers, and that the issues presented thereby were referred to a master, who reported his findings, with certain exceptions thereto, to the court, where they remained pending and undetermined when this cross bill was filed. The cross bill sets up that cross complainant found that there had been certain tax sales of the real estate involved in the original foreclosure suit, and that the period of redemption

had nearly expired, and that cross complainant there-upon made the necessary redemptions for the pro-tection of the security of said $600 note, paying out for that purpose $1035.76. The cross bill prayed that said sums, with interest, might be included in the decree to be entered upon the answer of the cross complainant, and that the defendants be decreed to pay said sums "in addition to the amount of the claims of your orator as set forth in its answer herein," and that cross complainant might have further relief respecting the payment of said taxes.

The defendants filed a plea in which they set out the organization of cross complainant as a corpor-ation, and set out in detail the objects for which it was formed, all relating to the manufacture and sale of telephones and electrical appliances and inventions, and franchises relating thereto, and the construction of telephone plants and lines and the operation thereof. The plea averred that the corporation had never changed or enlarged the object for which it was formed, and it set up in detail the alleged facts con-cerning the $600 note, and averred that the cross complainant did not take either said $500 note or said $600 note in the regular course of its business, but pur-chased them as independent business ventures, either for speculation or as matters of accommodation to Van Vlissingen, and that cross complainant was with-out the power or authority to purchase them, and did not and could not acquire any legal or equitable title to them, and that therefore it had no power or authority to make said redemptions from said tax sales, which were in futherance of the unlawful and void purchases of said notes.

When this cause was first submitted we held that the case was still pending in the court below and that the appeal was premature, and that the case could not be brought here by piecemeal. Thereafter both parties asked for a rehearing and agreed that all controversies in the court below are ended, except that involved in this cross bill, and that it would be

346    APPELLATE COURTS OF ILLINOIS.

Western Telephone Manufacturing Co. v. Foley, 150 Ill. App. 343.

very expensive to bring up the large record necessary to present the entire case. We therefore granted a rehearing.

The plea of *ultra vires* may be successfully interposed in a collateral proceeding where the corporation is alleged to have performed an act which it was not under any circumstances authorized to perform; but where the act is a mere abuse or an excessive or improper exercise of a general power which the corporation has, such a plea cannot be successfully interposed. In such a case the question of *ultra vires* can only be raised by the State. Rector v. Hartford Deposit Co., 190 Ill. 380; Daniels v. Belvidere Cemetery Assn., 96 Ill. App. 387, and 193 Ill. 181, and many cases cited in the foregoing authorities. It is conceded that appellant could purchase and hold promissory notes for some purposes, as, for example, it could receive such note in payment of a debt, and where, as here, the note was perhaps of dubious value, it could still receive it in settlement of a desperate claim. We are not prepared to say that it might not also temporarily invest, in good interest-bearing commercial paper, funds which were temporarily lying idle, but which would at a later date be required for corporate purposes. If, therefore, the corporation could purchase and hold commercial paper for some purpose, we are disposed to hold that its power to do so in this particular case cannot be collaterally questioned.

But if we concede that appellant was without authority to buy this note, other considerations arise. Appellees admit that in such case appellant could sue Mrs. Chase or Van Vlissingen and recover back the money it paid for this note. If so, it would have to tender back the note and whatever security it held for that note, and in order to protect that security and put itself in a position to tender back the note as well secured as when it received it, it would have a right to redeem from outstanding tax sales on real estate by which the note was secured. Again, if appellant had

tendered this note back to Van Vlissingen or Mrs. Chase before it redeemed from this tax sale, he or she would have had a right to protect the security by making this redemption. The legal holder of this note was a party to this suit from the beginning by the name of the unknown owner of said $600 note, and, as such unknown owner, had a right to redeem from the tax sale. We do not think it equitable that those who may have been benefited by the redemption from the tax sale shall be relieved from the duty of contributing to defray that expense by this plea of *ultra vires* so interposed, if such duty would otherwise equitably rest upon them. Being a defendant in equity, even by the name of unknown owner, if the holder of this note has paid taxes which resulted beneficially to other parties, equity requires that those who have been benefited should not escape paying their equitable proportion of that which has resulted in their benefit, by such a plea as that here interposed, if the other facts entitled the holder to reimbursement.

The decree is therefore reversed and the cause is remanded with directions to overrule the plea.

*Reversed and remanded.*