## THE CHICAGO GENERAL RAILWAY COMPANY

*v.*

## THE CHICAGO CITY RAILWAY COMPANY.

*Opinion filed June 21, 1900.*

STREET RAILWAYS—*one company cannot base action against another on latter's alleged excess of charter powers.* A street railway company cannot, irrespective of the question of negligence, base a right of recovery against another street railway company for a collision solely upon the latter's use of cable power in operating its cars, the declaration averring that the defendant was authorized to use "animal power only," since the question whether the defendant exceeded its powers can only be raised in a direct proceeding by the city or public.

*Chicago Gen. Ry. Co.* v. *Chicago City Ry. Co.* 87 Ill. App. 17, affirmed.

| | |
|---|---|
| 186 | 219 |
| 90a | 484 |
| 186 | 219 |
| 190 | 389 |
| 186 | 219 |
| 199 | 347 |
| 186 | 219 |
| 104a | 24 |

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

GLENN E. PLUMB, for appellant.

GEORGE GILLETTE, (E. R. BLISS, of counsel,) for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Cook county adjudged the declaration filed by the appellant company against the appellee company in an action on the case to be obnoxious to demurrer. The appellant elected to abide its declaration, and the court entered judgment against appellant for costs. This is an appeal from the judgment of the Appellate Court affirming that of the circuit court.

The declaration was in case and contained five counts, but, the third count was abandoned in the Appellate Court. In the view we have taken of the declaration the slight differences between the remaining counts are unimportant. The material allegations of each of said remaining counts are, that on the 15th day of October, 1897, the appellant company was duly authorized by its charter and by an ordinance of the city of Chicago to operate by electricity its line of street railway cars on its tracks in and along Twenty-second street, in the city of Chicago; that the appellee company was then and there possessed of certain railway tracks in and along State street, in said city of Chicago, and of certain street cars which it was then and there operating by means of an underground cable propelled by certain steam engines by it maintained; that said appellee company was operating its said railway cars on said tracks in and along State street under and by virtue of an ordinance of the city council of the city of Chicago adopted in 1858, and

extended for a further term of years (but not otherwise affected) by another ordinance of the said city adopted in 1883; that said original ordinance of 1858 provided that the cars to be operated by the appellee company upon the said tracks in and along State street should be propelled "with animal power only," and the declaration also averred that the authority of the appellee company was limited by the charter granted to it by the State, as well as by said ordinance of the city of Chicago, to the operation of cars along its railway in State street "by animal power only;" that said State street intersects said Twenty-second street at right angles; that on said 15th day of October, 1897, said appellee company, in violation of the provisions of its charter and said ordinances of the city of Chicago, was operating on its said tracks on said State street a train of three cars by means of an underground cable propelled by steam engines of great power, at a high rate of speed, to-wit, twenty miles per hour; that the cars composing the said train were much larger and heavier than cars to be "operated by animal power only," and that such excess of weight was, to-wit, twenty tons and that the excess of speed was twelve miles per hour; that the momentum of a car so operated by cable power is ten times the momentum of a car operated "by animal power only;" that said train of cable cars so without authority put in motion in said State street by the said appellee company, because of the operation thereof by cable power and because of the excess in weight, speed and momentum over the weight, speed and momentum of a car operated "by animal power only," then and there ran into and struck with great force and violence an electric car which the appellant company, with all due care and diligence and with lawful right and authority so to do, was then moving in and along said Twenty-second street at the intersection of said Twenty-second street and said State street, and injured and damaged said electric car, etc., and inflicted per-

sonal injuries on passengers being transported by the appellant company in such electric car to the damage of the appellant company in the sum of $25,000.

It will be observed there is no allegation the collision was occasioned by any act of negligence or want of care on the part of the appellee company. The position of counsel for the appellant company is, that it appeared from the averments of the declaration the appellee company was propelling its train of cable cars on the said public street without lawful authority so to occupy the said street with cable cars, and in so doing was a trespasser and intruder upon the street, and that such unlawful occupation of the streets rendered the use of the said State street at the intersection of Twenty-second street hazardous to the appellant company and others having lawful authority to pass along and across said intersection of said streets, and constituted a nuisance, and made the appellee company liable to respond to the appellant company for the special damages shown by the declaration to have been suffered by the appellant company, and that such liability was created by reason of the existence of said alleged nuisance, and wholly independent of the question whether the alleged collision was the result of negligence on the part of the appellee company in the matter of the management of the train. We do not assent to this as the correct legal doctrine. It was stated in each of the counts of the declaration that the appellee company held a charter from the State authorizing it to engage in the business of operating street cars; that it had been granted an ordinance by the city of Chicago authorizing it to lay its tracks and to operate a line of street cars in and along said State street, and that at the time of the alleged collision it "was operating its trains (on said State street) under and by virtue of such ordinance of the city of Chicago." The tracks of the appellee company were rightfully in the street, and it had lawful authority and right to operate

street cars on said tracks and across said intersection of State and Twenty-second streets. Whether a proper construction of the charter of the appellee company, or of the ordinance "under and by virtue" of which it was operating its trains, limited it to the use of animal power and prohibited it to use steam-driven cables as a motive power for moving the cars, or whether the adoption of that character of motive power was an abuse of its franchise under the said charter or ordinance, can only be determined in a direct proceeding instituted in behalf of the city or of the public, acting through the Attorney General or the State's attorney.

The declaration disclosed the appellee company possessed the requisite corporate power and capacity to occupy the streets with its tracks and to move street cars along such tracks. Whether, in adopting the cable system as a motive power, it had exceeded its chartered powers or its privileges as licensee of the city under the ordinance, is a question which concerns the public and the municipality. The appellee company is not answerable to the appellant company for any abuse of its corporate powers or privileges, nor would the public or the city be concluded by an adjudication of the question in an action between private parties. The abuse of its chartered powers or of powers derived from an ordinance, or whether, in transacting its business it was authorized by charter and said ordinance to transact, it had proceeded contrary to the terms or conditions of said charter or said ordinance, concerns only the public. The appellant company, in the assertion of a mere private right, can not base right of recovery on the non-observance of such terms and conditions, or on the denial of power in the appellee company to exercise a power or privilege which the appellee company is exercising and is being permitted to exercise under the authority or color of a grant of power from the State and city. As to all others than the State or the municipality, the appellee company, un-

der the circumstances disclosed by the declaration, is to be regarded as rightfully prosecuting the business of operating a line of cable street cars on said State street, and answerable to others than the representatives of the public only for negligence in the manner or mode of transacting its business and operating its trains.

While the precise question has, so far as we are advised, not been adjudicated by this court, the principle involved is clearly recognized in *Rice* v. *Rock Island and Alton Railroad Co.* 21 Ill. 93, *Attorney General* v. *Chicago and Evanston Railroad Co.* 112 id. 520, *Barnes* v. *Suddard,* 117 id. 237, *County of Cook* v. *Great Western Railroad Co.* 119 id. 218, and *Chicago and Eastern Illinois Railroad Co.* v. *Wright,* 153 id. 307. The point arose for determination in *Hine* v. *Railway Co.* 73 N. W. Rep. (Mich.) 116. The action was to recover for injuries inflicted upon a child by a car operated by the railway company in a street. The car was moved by electricity, and the lack of authority to use such motive power was asserted and liability predicated on such alleged want of power. It was there said: "We do not think this question can be raised in this proceeding. The fact was made to appear that the company did operate its cars by electricity, and for the purpose of this case the trial must proceed as though it had the right to do so. If the street railway company is operating its road contrary to the terms of its franchise the question could undoubtedly be raised by the city in a proper proceeding, but we do not think the question is involved in this issue."

The circuit court correctly ruled the declaration did not present a cause of action. The judgment of the Appellate Court is affirmed.    *Judgment affirmed.*