## J. W. Butler Paper Company v. H. I. Cleveland, et al.

### Gen. No. 11,894.

1. Corporate organization—*what may be waived with respect to.* The ten days' notice required by statute of the convening by the commissioners of the first stockholders' meeting, may be waived by the subscribing stockholders.

Action in assumpsit. Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed July 11, 1905.

Asa Q. Reynolds, for appellant; William A. Bither, of counsel.

No appearance for appellees.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit in assumpsit in which appellant seeks to hold appellees jointly and severally liable under section 18, chapter 32 R. S., for debts and liabilities contracted by them in the name of "The C. & C. Company," a corporation organized for pecuniary profit, to carry on a printing and publishing business. It is claimed that the corporation was not organized in compliance with the requirements of the statute.

Section 3 of said chapter 32 provides: "As soon as may be after the capital stock shall be fully subscribed, the commissioners shall convene a meeting of the subscribers for the purpose of electing directors and managers, and the transaction of such other business as shall come before them. Notice thereof shall be given by depositing in the post office, properly addressed to each subscriber, at least ten days before the time fixed a written or printed notice stating the object, time and place of such meeting." Section 4 of the same chapter provides that the commissioners shall make a full report of proceedings, "including a copy of the notice provided for in the foregoing section." It appears

from the agreed statement of facts that the ten days' notice required by section 3 as above stated was not given, but that the commissioners convened the first meeting of subscribers to the capital stock pursuant to an instrument signed by said subscribers, in which they waived the notice provided for by the statute, and agreed with the commissioners named in the license issued by the Secretary of State and with each other, and consented and requested said commissioners without further notice which was by each subscriber waived, to convene the meeting of the subscribers to stock of the "C. & C. Company" for the purpose of electing directors and the transaction of such other business as might come before them, to be held at a time and place stated. The meeting was in fact held at the time and place so fixed.

It is contended by appellant that giving the ten days' notice to stockholders of their first meeting in the manner provided by the statute is an essential act, which cannot be waived by the subscribers to the capital stock. The liability imposed by section 18 is incurred when it is assumed to exercise corporate powers, "without complying with the provisions of this act.". The only act of non-compliance charged is that no notice of the first meeting of subscribers to the capital stock, to elect directors and transact other business coming before them, was deposited in the post office, properly addressed to each subscriber, ten days before the time fixed for the meeting, but instead such notice was waived in writing by the subscribers themselves. The meeting was duly convened, the directors elected and all necessary business transacted. Report thereof was duly made to the Secretary of State, who thereupon issued a certificate of the complete organization of the corporation, and this was duly recorded in the recorder's office of Cook county. When the certificate is so recorded, the statute provides that "the corporation shall be deemed fully organized and may proceed to business." (Sec. 4, chap. 32.) A performance of the requirement that the certificate be so recorded has been held essential. Loverin v. McLaughlin, 161 Ill., 417-427. Until

this is done no authority exists for the corporation to proceed to business. But the authority to proceed to business is in no way dependent upon literal compliance with the particular method of giving notice of the first meeting of the subscribers of the capital stock provided by the statute. That method of notice is evidently intended for the protection of the subscribers themselves, and its purpose is served if all subscribers are in fact notified of such meeting and are in attendance thereat. The substantial thing is that they shall all have notice of the meeting in ample time, and having that we perceive no reason why they cannot waive in writing, as they have done in this case, the statutory method of giving the notice, and having requested the commissioners to convene the meeting at a time and place specifically stated, consent to such meeting and waive further notice. In so doing we find no evidence of a want of substantial compliance with the provisions of the Act under consideration. Where an effort has been made to comply in good faith with the purpose and intent of the statute in a matter of this character, and substantial compliance has occurred, it must, we think, be deemed such a compliance as the statute contemplates. Essential provisions seem to have been literally complied with, and the corporation having been authorized to proceed to business, its directors, officers or agents should not be held liable for debts and liabilities of the corporation contracted in its name. In Loverin v. McLaughlin, *supra,* (p. 429) it is said that statutes should be so construed as to give them a reasonable meaning "in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice to favor public convenience and to oppose all prejudice to public interests." Sutherland on Stat. Const., sec. 324; Endlich on Int. of Stat., sec. 295. In Bigelow v. Gregory, 73 Ill., 197-200, it is held that compliance with such requirements as are statutory prerequisites is essential to corporate existence, such as filing the certificate under the act in question in that case, and it is said: "The defendants are seeking to escape from individual liability; let them show that they have complied with the

statute which enables them to do so, at least substantially, as respects the above named acts." In Beach on Private Corporations, sec. 16, it is said: "There may indeed be certain irregularities or omissions with respect to a merely directory provision of an enabling act, which while they would be sufficient to sustain an action by the State to declare a forfeiture, are yet insufficient to sustain an action brought by creditors to enforce the individual liability of members or stockholders as partners"; and it is held that a non-compliance with the enabling act in material respects will not secure exemption from individual liability; but there is a broad distinction between necessary steps in the process of incorporating and such as are not prerequisite to the assumption of corporate powers.

Without extending the discussion, we are of opinion that there was no want of a substantial compliance in the case at bar with the material requirements of the statute, and that appellees are not liable for corporate debts as appellant seeks to hold them.

The judgment of the Superior Court will be affirmed.

*Affirmed.*