THE PEOPLE *ex rel.* Mary Hegeler Carus, Appellee, *vs.* F. W. MATTHIESSEN, Appellant.

*Opinion filed October 27, 1915.*

1. CORPORATIONS—*by-laws will not take the place of a notice required by statute.* By-laws of a corporation providing for the holding of an annual meeting on a certain day each year, regardless of whether or not they provide the hour of meeting, will not take the place of a written notice of the meeting required by the statute under which the corporation was organized.

2. SAME—*what necessary to waive notice of meeting of stockholders.* Where a .notice of the holding of an annual meeting is required by law to be given each year it must be given unless it is waived by all the stockholders, either expressly or by consenting to or participating in the meeting.

3. SAME—*what does not constitute participation in meeting of stockholders.* A stockholder who attends the annual meeting for the election of directors merely to demand that no business be transacted and who withdraws from the meeting after his effort to secure a pledge from the chairman that the meeting will do nothing but adjourn has failed, will not be deemed to have participated in the meeting to the extent of waiving his right to statutory notice thereof.

4. SAME—*the mere presence of stockholder at annual meeting is not, alone, sufficient to constitute waiver of notice.* The mere presence of a stockholder at an annual meeting of which notice is required to be given by statute will not amount to waiver of notice where the stockholder refuses to consent to the meeting and takes no part therein.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

WILLIAM J. CALHOUN, and M. F. GALLAGHER, for appellant.

GEORGE WILEY, State's Attorney, and MONTGOMERY, HART, SMITH & STEERE, (CHARLES S. CUTTING, N. H. PRITCHARD, and J. D. DICKERSON, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The People, on the relation of Mary Hegeler Carus, individually and as trustee under the will of Edward C. Hegeler, deceased, appellee, filed an information in the nature of a *quo warranto* in the circuit court of LaSalle county against the appellant, F. W. Matthiessen, calling upon him to show by what authority he was exercising the office of director of the Matthiessen & Hegeler Zinc Company, an Illinois corporation. The plea of appellant set forth his election as a director on December 18, 1913, and averred title to the office by virtue of such election. The circuit court found that the appellant had been duly and regularly elected a director of the company at a stockholders' meeting held December 18, 1913, and a judgment of not guilty was entered. This judgment, on appeal, was reversed by the Appellate Court for the Second District and a judgment of ouster was entered. The cause is brought here by appeal on a certificate of importance.

The sole question involved is whether the meeting of December 18, 1913, was a legal meeting of the stockholders of the corporation. It is the claim of appellee that as the notice of the meeting required by law was not given, any action taken was invalid, while appellant contends that sufficient notice was given, and if not, that all the stockholders were present, and it was therefore immaterial whether notice was given.

The corporation was organized in 1871 under a general incorporation act passed in 1857. (Laws of 1857, p. 161.) The capital stock was divided into 426 shares, and these

shares were distributed among F. W. Matthiessen and Edward C. Hegeler and the members of their immediate families, the members of each family owning 213 shares. Section 6 of the act of 1857, under which the company was organized and which became a part of the charter of the corporation, provides that an annual election of directors shall be held at such time and place as the board may designate, and a written or printed notice of such election shall be given to each stockholder personally or sent to him through the mail at least fifteen days before the day of the election, and the election shall be made by such of the stockholders as shall attend for that purpose, either in person or by proxy. It is conceded that the notice required by this section of the statute was not given of the meeting of December 18, 1913. The by-laws of the company provide that the annual meeting of the stockholders for the election of a board of four directors shall be held at the office of the company, in the city of LaSalle, on December 18 of each year, excepting when that day shall fall on Sunday, in which case the meeting shall be held on the following day. The hour for holding the meeting is not fixed in the by-laws.

There was no material controversy as to the facts. It appears that the notice of the annual meeting required by the statute had never been given, but ever since the organization of the company the stockholders met by common consent some time during December 18 of each year, usually about the hour of ten o'clock A. M., for the annual election of the board of directors. If for any reason it did not suit the convenience of either appellant or Hegeler to meet at the office of the company, the meeting, by consent of all the stockholders, was held elsewhere. The stock was held by a very limited number of persons and the business was transacted harmoniously, two members of the Matthiessen family and two members of the Hegeler family being elected to the board of directors each year. After the death of Edward C. Hegeler 211 shares of the Hegeler stock was held by

Mrs. Carus as trustee under the will of her father, one share was held by Mrs. Carus in her own right, and one share by C. B. Lihme, a son-in-law of Edward C. Hegeler. Mrs. Carus was a director and president of the company, and Lihme was the other director representing the Hegeler interests. This was the situation on December 18, 1913. On December 17, 1913, appellant and others instituted *quo warranto* proceedings against Lihme to contest his right to hold the office of director in the company, and summons in that case was served on him either that evening or the next morning. Mrs. Carus and Lihme went to the office of the company in LaSalle about ten o'clock the morning of December 18, 1913. They found there present all the Matthiessen stockholders, either in person or by proxy. Lihme was much excited over the action which had been instituted against him, and he at once demanded of appellant that no election be held and no business be transacted at that time. Some of the witnesses testify that he demanded that the meeting adjourn until some time in the future, but all the testimony is to the effect that he demanded that no action be taken that day. While Lihme was engaged in making his demands a member of the Matthiessen family moved that appellant be made the chairman of the meeting, and this motion was put and declared carried. Mrs. Carus was in the same way selected as secretary of the meeting. About the time the vote was being taken on Mrs. Carus as secretary she and Lihme withdrew from the room. Mrs. Carus said nothing whatever while she was in the room, and neither she nor Lihme voted on the two motions put while they were present. It is contended that as Lihme continued to demand that the meeting adjourn after appellant had been selected as chairman and had taken charge of the meeting, he thus participated to the extent that he is bound by the action of the meeting. Lihme did nothing but protest against the taking of any action or the transaction of any business at that time; but be the effect of his actions what it may, Mrs. Carus said noth-

ing and did nothing that could be construed as consenting
to the holding of the meeting. Unless the provisions of the
by-laws constituted sufficient notice of the annual meeting,
or the physical presence, alone, of Mrs. Carus constituted a
waiver of the statutory notice, the meeting was not a legal
one and any election held thereat would be invalid. After
Mrs. Carus and Lihme had departed the election was held
and appellant was elected as one of the directors for the
ensuing year.

While the trial court held as a proposition of law that a
by-law of a corporation which names a day, but not the
hour, for the holding of the annual meeting is insufficient
notice to the stockholders of the time of holding the meet-
ing, it took the view that no stockholder can urge the in-
validity of such meeting for want of notice unless he has
been injured or deprived of some substantial right by lack
of notice; that where all the stockholders are present on the
day and at the place fixed in the by-laws and at an hour at
which for over twenty years it was customary to hold the
annual meeting, and where each stockholder knew that the
annual election for directors was then about to take place, in
law each stockholder had the right and opportunity to par-
ticipate in the meeting and was not injured by lack of notice
or deprived of any substantial right and cannot urge the in-
validity of the meeting on the ground of lack of notice. The
court properly held that the by-laws did not constitute notice
to the stockholders of the holding of the annual meeting
for the election of directors. Section 6 of the act under
which this company was incorporated provides that this
meeting shall be held at such time and place as the board of
directors may designate, and expressly requires written no-
tice to be given the stockholders each year. Had the by-laws
provided the hour at which the annual meeting should be
held on each December 18 it would have amounted to no
more than the designation of the time and place of the
meeting by the board and would not take the place of the

notice required by the statute. That notice is indispensable unless it is waived by all the stockholders, either expressly or by consenting to or participating in the meeting.

Did Lihme waive notice by demanding that no business be transacted, and by demanding a pledge of the chairman, after he had been selected, that the meeting do nothing but adjourn, or did Lihme and Mrs. Carus waive notice by their mere presence at the meeting? By nothing which he did or said did Lihme recognize the right of the meeting to organize or to transact business. His effort to secure a pledge from appellant, even after he had been selected by his faction as chairman, that the meeting do nothing but adjourn, amounted to no more than an offer to submit to the jurisdiction of the meeting provided no business whatever should be transacted. His offer was not accepted and he withdrew, protesting against the holding of the meeting.

This court has never been called upon to decide whether the mere presence of a stockholder at an annual meeting for the election of directors, with full opportunity to participate, is alone sufficient to constitute a waiver of notice and deprive him of the right to rely upon lack of notice. The text in 10 Cyc. 326, that where notice is required by statute the meeting cannot be legally held unless the notice be explicitly given in respect of the day, hour and place or the stockholders are all present and consenting, but if a single member having the right to be present and vote is not duly notified and is absent, or being present refuses to consent to the holding of the meeting, its proceedings will be void, states the correct rule and is supported by authority. This question arose in *Charter Gas Engine Co.* v. *Charter,* 47 Ill. App. 36, and the Appellate Court for the Second District, in an opinion written by a present member of this court, held that every stockholder had a right to be present at the annual meeting for the election of directors, and it could not be legally held until after notice of the time and place had been given in an authentic and legal mode, unless all stockholders

were present and consenting, in person or by proxy. That holding is correct, and, as applied to the facts in this case, neither Mrs. Carus nor Lihme having consented to the holding of the meeting or participated in it in any way, the meeting of December 18, 1913, was not legally held and appellant has no valid title to the office of director of the company by virtue of any action taken at that meeting.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*