**Dearborn Truck Company, Appellant, v. Staver Motor Car Company, Appellee.**

**Gen. No. 25,976.**

1. CORPORATIONS, § 420*—*when lease by corporation about to dissolve is not ultra vires.* Where a corporation had determined to cease business and made a lease of its property for 10 years, giving a plaintiff the option to buy the leased premises within 4 years at a stated sum, and also reserving the right to sell after notice to other parties, and subsequently, before the plaintiff took possession, the corporation decided to continue its business and repudiated its lease, giving rise to an action for damages, the corporation could not plead that the lease was ultra vires, as the lease indicated a purpose of complying with the statutory provisions requiring the selling of real estate within 5 years, when not required for the corporate business, and the statute does not prevent a corporation retiring from business from renting real estate, during the period of liquidation, whereby such real estate might be rendered more easily salable.

2. CORPORATIONS, § 404*—*when possession of real estate is not ultra vires.* Where a corporation is organized to manufacture, re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pair, store and sell self-propelled vehicles, and to operate a general warehouse, the ownership and possession of a building suitable for such purpose is necessary for the corporation's lawful purposes.

3. CORPORATIONS, § 344*—*who may attack ultra vires acts of corporations.* If the making of a lease for 10 years by a corporation is subject to attack as being ultra vires, the corporation is answerable for the excess of its authority at the suit of the State alone.

4. CORPORATIONS, § 420*—*when plea of ultra vires is demurrable.* In a suit for damages for the failure of a corporation to carry out the terms of a lease whereby its property was demised to a plaintiff for a period of 10 years, and where it appeared that at the time of the lease the corporation was about to close its business, which intention was subsequently changed, resulting in the repudiation of the lease, a plea of the corporation that the lease was ultra vires, but which contained no averment from which any presumption might arise that the defendant intended to continue to hold its real estate in violation of the statute, was demurrable.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded with directions. **Opinion filed October 11, 1920.**

MELVILLE R. ADAMS, for appellant.

BULKLEY, MORE & TALLMADGE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action is for damages for the refusal of defendant to carry out the terms of a certain lease made by defendant to plaintiff for a term of 10 years with a 4-year option to purchase the same at the price of $175,-000, provided that defendant did not receive a bona fide offer for the same from other parties within that time, and, if it did, then it should give plaintiff 90 days' notice of such offer, within which time plaintiff might purchase the premises for the amount of such offer.

A general and special demurrer was interposed to the declaration and overruled, whereupon defendant

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

pleaded specially, alleging that defendant was not authorized to own, possess or enjoy real estate except for its business and had no authority to make and deliver such a lease; that defendant was incorporated under the general incorporation statute to manufacture and repair all self-propelled vehicles for use on land, water or in the air; that its charter was thereafter amended so that it was authorized to buy, sell, manufacture, repair, hire, let or store, and deal in all kinds of self-propelled vehicles or instruments of conveyance and all accessions and appurtenances thereto and to operate a general warehouse for storage of goods and chattels and issue warehouse receipts and to make advances on the goods and chattels so stored; that defendant was in the possession and use of all the demised premises, using and occupying the same in the conduct of its business; that it neither owned nor possessed any other plant where it might conduct its business; that the premises demised constituted all of defendant's assets, except some bills receivable and a small quantity of tools and equipment; that the object and purpose of defendant at the time of making the lease was to go out of business, except to hold and manage the leased premises and to collect the rents thereof and to liquidate the business of defendant and to hold the leased premises as an investment for its stockholders and that it so informed plaintiff at and before the time of making the lease.

This plea plaintiff met with a general demurrer, which on argument the court overruled, and plaintiff electing to stand by its demurrer, suffered a *nil capiat* judgment and seeks by this appeal to have the order overruling its demurrer reversed.

The questions raised present to us for determination whether the lease for breach of which the declaration is grounded is ultra vires of defendant's charter powers.

It appears from the plea before us that at the time

**298** APPELLATE COURTS OF ILLINOIS.

Dearborn Truck Co. v. Staver Motor Car Co., 219 Ill. App. 295.

the lease between the parties was executed defendant had determined to cease the business for which it was incorporated, but that before plaintiff was able to procure possession of the leased premises defendant concluded to continue its business in the exercise of its charter powers and thereupon repudiated its contract of lease with plaintiff.

It will be observed that under the averments of the declaration plaintiff was given an option to purchase the leased premises within 4 years at a stated sum and that according to another provision of the lease defendant was given the right, notwithstanding such option, to sell the leased premises at any time it might receive an offer therefor, providing plaintiff would not purchase the same upon the terms of the offer after 90 days from the receipt of a notice thereof.

The statutes of this State required defendant to sell within 5 years such of its real estate as it might cease to require in carrying out the purposes for which it was incorporated. It would seem that by the express terms of the lease defendant was seeking to comply with such statutory requirement within the time limited by the statute. It gave plaintiff an option to purchase at a sum named within 4 years and likewise reserved unto itself the right to offer the same for sale at any time. Nor did the 10-year lease in any manner prevent its selling the leased property at any time within 5 years. The statute gives the corporation 5 years in which to dispose of its property, for, we will assume, the purpose of enabling it to realize a fair price which might not be obtainable at a forced sale. The existence of a term lease at a good rental of itself would in all probability materially aid in securing a remunerative price for the fee of the property.

We do not regard the lease in suit as being either void or voidable or as being entered into ultra vires of the powers of the lessor. Surely the law-making power never contemplated that a corporation retiring

from its business during the period of liquidation should be deprived of the power of renting its real estate and compelled to keep it unrented and unproductive pending a sale. Moreover, the plain purpose of the limitation in the statute was evidently to prevent the accumulation of real property by corporations and in this respect is akin to the early English statutes of Mortmain. These statutes were enacted in the interest of a sound public policy.

It is not disputed but that defendant lawfully obtained title to the premises leased, which it primarily secured for carrying out the purposes of the business for which it was chartered. It was therefore within the general scope of the express powers of defendant to own and possess the leased building, which was necessary for its lawful corporate purposes. We think if the lease to plaintiff is subject to attack (while not being understood to hold that it is subject to attack either originally or collaterally), that it comes within the holding in *Rector v. Hartford Deposit Co.,* 190 Ill. 380. If it can be said the making of the lease for 10 years is subject to attack, it is answerable only at the suit of the State for its exercise of an excess of authority. *Chicago General Ry. Co. v. Chicago City Ry. Co.,* 186 Ill. 219. *Illinois Life Ins. Co. v. Beifeld,* 184 Ill. App. 582, while attempting to be differentiated from this case by counsel for defendant, we think is not only clearly in point but decisive of the rights of the parties in this case.

There is no averment in the plea demurred to from which any presumption arises that defendant intended to continue to hold its real estate in violation of the statute.

For the foregoing reasons it is our opinion that the demurrer to defendant's plea should have been sustained.

The judgment of the circuit court is therefore reversed and the cause is remanded to the trial court

with directions to sustain the demurrer of plaintiff to defendant's plea.

*Reversed and remanded with directions.*

DEVER and McSURELY, JJ., concur.