Ward L. Candor et al., Appellees, v. Mercer County State Bank et al., Appellants.

Gen. No. 8,193.

Opinion filed May 3, 1930.

MARSH, LEWIS & THOMPSON, for appellants.

CHURCH & CALIFF and WALTER L. MANNON, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

This is a suit in equity to enforce the liability of a number of stockholders in an insolvent bank under section 6, Cahill's St. ch. 16a, ¶ 6, entitled "Banks." A decree was rendered in favor of the complainants and the defeated stockholders have brought the cause to this court by appeal.

On and prior to Saturday, December 5, 1925, the Mercer County State Bank was a going, but insolvent, concern. After the close of business on that day, the men who constituted its board of directors entered into negotiations with the Aledo State Bank. As a result thereof a contract was signed whereby the Aledo State Bank assumed certain obligations and agreed to liquidate the assets of the Mercer County State Bank.

The complainants are the Aledo State Bank and those who constituted the board of directors of the insolvent bank, excepting however, that Ethel J. Poffenbarger and Richard L. Poffenbarger sue as executors of the last will and testament of Bert Poffenbarger, now deceased, who was a director at the date of the contract. The bill, as amended, alleges that the Mercer County State Bank on December 7, 1925, was being pressed for payment of its indebtedness in excess of its available funds and in order to safeguard and pro-

tect its creditors, borrowed the sum of $60,000 from the individual complainants, including Bert Poffenbarger; that to secure said indebtedness, the Mercer County State Bank indorsed with recourse against it and delivered to said persons, notes of the face value of $69,998.32, and assigned and transferred to them judgments of the face value of $20,680.02; that the Mercer County State Bank guaranteed the payment of said notes and judgments with 7 per cent interest thereon; that nothing has been realized on said notes or judgments and the same are worthless; that the borrowing of said money was duly authorized by the board of directors of said bank by a resolution passed therefor.

The bill also alleges that subsequent to the loan of said money and upon the advice of the auditor of public accounts of the State of Illinois, in order to protect and safeguard the creditors of said bank, the above-mentioned agreement with the Aledo State Bank was entered into; that to secure the Aledo State Bank against loss, the Mercer County State Bank executed its promissory note for $249,958.74, dated December 7, 1925, and payable on demand, with interest at 7 per cent per annum to be figured monthly on the unpaid balance until paid; that the Mercer County State Bank pledged, assigned, and delivered to the Aledo State Bank as security for the payment of said note, all of its assets as set out in a schedule and made a part of said agreement; that the Aledo State Bank required the Mercer County State Bank to raise $70,000 as a condition precedent to entering into said liquidating agreement; and that the loan of $60,000 made by the individual complainants as above mentioned was in compliance with said requirement.

The bill contains many other allegations which are unnecessary to set out in this opinion. Enough of the bill has been recited to show the character of the arrangement between the two banks as well as the nature

of the indebtedness claimed to be due to the respective complainants. Much of the assets assigned to the Aledo State Bank was uncollectible. As a result, that bank sustained a loss of $15,000. The individual complainants were not able to realize anything on the securities transferred to them and their loss was $60,000. The total loss to complainants was $75,000. An assessment was levied against all of the stockholders to the extent of their full liability and most of them paid their assessments. The defendants, however, refused to pay and this suit was brought.

A cross-bill was filed to which the court sustained a demurrer. Later, by leave of court, three pleas were filed and subsequently amended. The pleas having been set down for argument, on motion of the complainants, were held to be insufficient by the chancellor and accordingly were overruled. The defendants elected to stand by their pleas and refused to answer over. A decree was entered giving judgment and awarding execution against them, according to their respective liabilities, aggregating $8,500.

The sufficiency of the pleas is the only question before us. The first and second pleas relate to so much of the bill as pertains to the individual complainants' right of recovery. The substance of those pleas is that the Mercer County State Bank, from the time it closed Saturday, December 5, 1925, ceased to transact any banking business because of its insolvency; that the directors and other officials of the bank negligently selected by them, had carelessly made loans to persons notoriously known in the community of Aledo to be insolvent and not entitled to credit; that upon slight inquiry by the directors, knowledge could have been obtained of the insolvent condition of the persons to whom credit was extended; that the loans so negligently made exceed the sum of $75,000 and are unpaid; that at the time the said directors alleged they loaned $60,000 to the Mercer County State Bank, they had

knowledge of the insolvency of such bank, by reason whereof the Mercer County State Bank is not indebted to said complainants except as alleged.

The third plea is similar to the others, but is pleaded to that part of the bill which seeks to ascertain the amount due to the Aledo State Bank. The plea charges that the Aledo State Bank, at the time of taking the note of the Mercer County State Bank, had knowledge of the insolvent condition of the Mercer County State Bank and of the liability of the directors thereof on account of their negligent conduct as before set out.

Two contentions are made by counsel for appellants in their brief. The first is that the individual complainants, meaning the directors of the Mercer County State Bank and the executors above named, are not creditors of the Mercer County State Bank and therefore have no right to sue; the second is that the Aledo State Bank is not entitled to relief, because of its knowledge of the insolvent condition of the Mercer County State Bank and of the liability of the directors of that bank at the time it entered into the liquidating agreement. If the amended pleas or any one of them present a defense, the decree of the circuit court is erroneous, but if no defense is presented by any of such pleas, the decree must be affirmed.

For our convenience, we will first dispose of the contention relative to the third plea, which denies the right of the Aledo State Bank to relief, because it had knowledge when it entered into the liquidating agreement that the Mercer County State Bank was insolvent and that its directors had been negligent in making loans.

It would be difficult to induce a solvent bank to negotiate with another bank known to be in failing circumstances if such knowledge would taint the transaction. We have held that there is nothing illegal or immoral in such a transaction. The protection of depositors,

the welfare of other banks, and general business conditions of a community often demand such action by solvent banks, and in the absence of fraud, such transactions are not only upheld, but are encouraged. (*Sherrard State Bank v. Vernon*, 243 Ill. App. 122.)

The fact that the Aledo State Bank knew that the Mercer County State Bank was insolvent and that the directors of that bank were careless and negligent in the conduct of its business can be no bar to a suit by the Aledo State Bank against the stockholders of the insolvent bank for money owed under the express terms of the liquidating agreement. It makes no difference that the solvent bank knows the directors of the insolvent bank are indebted to their own bank. Though a bank were made insolvent by defalcations of its directors, there would be no legal obstacle against its entering into a contract with another bank to protect and pay depositors. Knowledge on the part of the absorbing bank of such a situation would not discharge the liability of the stockholders of the insolvent bank. Their liability attaches by reason of such insolvency. In the instant case the stockholders were individually liable and they, including directors, if any, who failed to pay the assessments levied against them, may be required to do it. The Aledo State Bank is entitled to the relief it seeks and the third plea which is directed against it alone presents no defense and the chancellor's ruling to that effect was correct. The point is raised that the defendants are not liable because the liquidating agreement was not ratified by the stockholders. This point has heretofore been settled adversely to such contention. (*Sherrard State Bank v. Vernon, supra; Beardstown Pearl Button Co. v. Oswald*, 130 Ill. App. 290.) The general rule is that where a business is in a failing condition and has become financially involved and insolvent, and the creditors are pressing their claims, the directors may dispose of the assets without the sanc-

tion of the stockholders, when it is deemed of imperative necessity. (*Oskaloosa Sav. Bank v. Mahaska County State Bank,* 205 Iowa 1351.) The cases which support this rule are collated in 5 A. L. R. 932 and 60 A. L. R. 1210.

The first and second pleas are directed against the individual complainants. Neither plea avers that the directors became or are indebted to the bank by reason of their negligent conduct. The alleged acts of negligence are definitely stated, but there is a total lack and want of averment of liability arising from such negligence. The only language in the pleas referring in any way to the directors' liability is found in the following paragraph of the first plea. It is also contained in substance in the other pleas, to wit:

"And these defendants further say that said complainants on said December 7, 1925, at the time they allege they loaned $60,000 to the defendant Mercer County State Bank had knowledge of the insolvent condition of said Mercer County State Bank and knowledge of the liability of said directors to said bank by reason of the facts hereinbefore alleged."

Nowhere is it stated what that liability is or the extent of it. The pleas conclude as follows:

"THEREFORE, these defendants plead said knowledge on the part of said complainants of the insolvency of the Mercer County State Bank in bar," etc.

It will be seen that the pleas are framed on the theory that mere knowledge of the bank's insolvency and of the directors' negligence constitutes a bar to the right of the individual complainants to recover. The pleas do not deny that the directors are creditors of the Mercer County State Bank. They say that the bank is not indebted to the complainants "except as alleged." The briefs of appellants claim that the directors are not creditors at all, but the pleas make no such claim. The most that can be said of them is that,

they charge the directors' loan to the bank was invalid and therefore did not create the relation of debtor and creditor between them. We cannot agree with that contention. The directors had a right to loan money to the bank and having done so, the relation of debtor and creditor was established. If the bank had a set-off or counterclaim, it should have been pleaded. This was not done.

It is contended that the Mercer County State Bank was without authority to borrow money after the close of business Saturday, December 5, 1925. It is true that the bank had no right to do a general banking business after that time, but undoubtedly it had every right to liquidate its affairs and as an incident thereto, borrow money, dispose of assets, and collect loans. To deny it this right would freeze its assets and paralyze its opportunity to pay its creditors. Because of the matters above set forth, we are of the opinion that no defense to the bill of complaint is presented by any of the pleas.

The amount due the Aledo State Bank is $15,000 and the assessment against the delinquent stockholders is but $8,500. No further sum can be adjudged against them. They have no real interest in the distribution which may be made among the respective claimants.

Under all the circumstances, the decree should be affirmed.

*Decree affirmed.*