Mabel L. Rhode et al., Appellees, v. State Bank of Beverly Hills et al., Defendants. Appeal of Charles A. Nowak, Appellant.

Gen. No. 35,707.

Heard in the second division of this court for the first district. Opinion filed December 30, 1932.

THOMAS M. POYNTON, DAVID H. JACKSON and CHARLES A. NOWAK, for appellant; CHESTER E. CLEVELAND, of counsel.

SEYFARTH & LEONARD and HENRY BLUMBERG, for appellees; KARL EDWIN SEYFARTH and LIONEL A. MINCER, of counsel.

MR. PRESIDING JUSTICE KERNER delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court entered December 1, 1931, appointing a receiver. To reverse the order Charles A. Nowak has appealed.

June 11, 1931, Mabel L. Rhode, one of the appellees, and creditor of the State Bank of Beverly Hills, filed her bill to enforce the superadded liability of the stockholders of the State Bank of Beverly Hills under section 6, Article XI of the Illinois Constitution.

September 29, 1931, George Craig, Madeline M. Craig and Joseph T. Scott, the other appellees, filed their bill which likewise sought to enforce, on behalf of themselves and all of the creditors of the Bank, the constitutional liability of the stockholders of the Bank to the creditors thereof.

October 2, 1931, an order was entered consolidating the cases. October 13, 1931, the complainants in the consolidated cases filed a verified petition for the appointment of a receiver averring, *inter alia,* that divers of the stockholder defendants were willing to pay in full the amounts of their respective liabilities, provided a receiver be appointed with authority to receive such payments; that the bond of complainants should be waived because no damage can be sustained by any defendant, as the receiver has no function with respect to the defendants other than to hold money voluntarily paid by defendants prior to decree

or paid to or collected by the receiver from defendants after a decree adjudicating their liabilities.

The appellant, a stockholder of the bank, filed a verified answer to the petition, averring in substance that the assets of the bank exceed its liabilities by over $200,000; that the assets are being liquidated in an orderly way by its receiver and that the creditors are reasonably assured of the payment of their claims in full; that it would be inequitable and unfair for a receiver to be appointed until the deficiency of the bank's assets to pay its creditors is first ascertained, and he denied that there are stockholders who were ready and willing to pay the full amount of their liabilities. He also averred that a receiver should not be appointed until it is determined by the court how much will be required to be collected from the stockholders after the assets of the bank have been liquidated to a point where there may be a judicial determination of the deficiency, if any, in its assets to pay its debts.

The order appealed from recites, *inter alia,* that this proceeding is brought by petitioners as creditors of the State Bank of Beverly Hills to enforce the liabilities of stockholders of said bank to all of the creditors thereof under section 6, Article XI of the Constitution of Illinois, and that this proceeding is a representative one brought by petitioners on behalf of themselves and of all other creditors of said bank, and that upon notice and full hearing, the court finds that several of the persons who are stockholders of the bank are ready and willing to pay, in satisfaction of their respective liabilities as such stockholders, the full amounts of their said liabilities, provided a receiver be appointed with authority to collect and receive the amounts due from stockholders on account of their ownership of the stock of said bank, in order that said stockholders by making said payment might discharge

their said liabilities and thereby avoid the cost and expense incident to the further prosecution of this proceeding as to such stockholders; that no damages can be sustained by any defendant by reason of the appointment of a receiver or by the acts of the receiver prior to decree, because the receiver can, prior to a decree adjudicating the rights of the parties, perform no act with respect to the defendants other than to collect and hold moneys voluntarily paid to such receiver by the defendants, and to distribute said moneys as the court may thereafter direct, and that no damage can be sustained by any act of said receiver after the decree, because said receiver will have no other function than to enforce rights which will have been adjudicated by the court, and that for good cause shown, a receiver ought to be appointed without complainant being required to give bond. By the order the receiver was authorized to employ auditors and assistants as may be necessary to establish and recover the liabilities of the stockholders of the bank. The order also provided that the receiver give bond in the sum of $2,000, and provided that the amount of said bond might be altered to fit the need of security in accordance with the facts as they may be made to appear to the court.

Section 6 of Article XI of the Constitution of 1870, provides that "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder."

The main contention of appellant's counsel is that the receiver was appointed pursuant to the provisions of sections 6 and 11, Cahill's Revised Statutes of Illinois, ch. 16a, ¶¶ 6 and 11, entitled "Banks," and that

said act is unconstitutional, and a number of reasons are urged in support of the contention.

In the view we take of the instant case we are not required to pass upon the constitutionality of said sections of the Banking Act, for the reason, as is apparent from this record, that the enforcement of the liability of stockholders of the State Bank of Beverly Hills is not dependent or based upon the provisions of the Banking Act. Nowhere in the bills of complaint is any reliance placed upon the Banking Act in order to establish the liability of the stockholders of the bank. The complainants' cause of action is the enforcement of the superadded constitutional liability of bank stockholders imposed by section 6 of Article XI of the Constitution of Illinois. "The constitutional provision of the Constitution of 1870 in regard to the liabilities of stockholders in banking institutions is a self-executing provision and needs no legislation to enforce it." (*Sanders v. Merchants' State Bank of Centralia,* 349 Ill. 547, 557; *Golden v. Cervenka,* 278 Ill. 409; *Babka Plastering Co. v. City State Bank of Chicago,* 264 Ill. App. 142; certiorari denied by Supreme Court.) And the complainants have the right to file a bill for the enforcement of the superadded liabilities of the stockholders of the bank by a bill in equity; to have an account taken of all the liabilities of the bank; to establish the amount for which the various stockholders are liable, and for the appointment of a receiver to collect and receive the amounts due from stockholders, with authority to employ auditors upon order of the court.

It is also contended that it was error for the chancellor to appoint a receiver without requiring a bond from complainants and that the bond required of the receiver was inadequate. We are of the opinion that under the state of this record the chancellor did not err in ordering the appointment of the receiver with-

out requiring a complainants' bond (*Central Trust Co. of Illinois v. McGurn*, 257 Ill. App. 45, 55), and we would not be warranted in reversing the order on the ground that the bond required of the receiver was inadequate, in view of the fact that the bond might be increased to fit the need of security.

It is also contended there was no necessity for the appointment of a receiver. It is a sufficient answer to say that the chancellor found that several of the persons who are stockholders of the bank were ready and willing to pay the amounts of their liabilities, provided a receiver be appointed with authority to receive and hold such payments. No certificate of evidence having been preserved, it will be presumed that there was sufficient evidence to warrant the chancellor in his finding on that question. (*Coleman v. Mulcahey*, 334 Ill. 64, 66.) Moreover, the appointment of the receiver in no way injures or affects appellant as he has paid nothing to the receiver and is not interested in the disposition of the funds collected from other stockholders. (*Candor v. Mercer County State Bank*, 257 Ill. App. 192, 199; certiorari denied 257 Ill. App. XIII.)

It is also argued by appellant that the assets of the bank are more than sufficient to pay all of its liabilities. In *Babka Plastering Co. v. City State Bank of Chicago, supra,* we held "it was not necessary to prove that the bank was insolvent as the liability of the stockholder to the creditor is primary, . . . and he can be sued for the debt as the bank may be sued, and as soon as the bank may be sued."

We have considered the remaining arguments of counsel and find them without merit. The interlocutory order of the circuit court should be affirmed and it is so ordered.

*Affirmed.*

Scanlan and Gridley, JJ., concur.