State Bank of Blue Island, Appellant, v. Joseph Benzing et al., Appellees.

Gen. No. 40,621.

Opinion filed October 3, 1939.

SCOTT, MacLEISH & FALK, YOWELL & LANGDON and W. OTTO WIELGORECKI, all of Chicago, for appellant; JOHN J. YOWELL, of counsel.

WARD H. HARRIS, KLENK & KLEIN and RATHJE & CONNOR, all of Chicago, for appellees; WARD H. HARRIS, FRANKLIN W. KLEIN and MARION RATHJE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to enforce their guaranty under the terms of a contract entered into between it and the Blue Island Trust & Savings Bank. The contract was severally guaranteed by the defendants who are stockholders and directors of the Blue Island Trust & Savings Bank, and one of them, Fordtran, was an officer. The court sustained defendants' motion to strike, dismissed the suit, and plaintiff appeals.

The record discloses that the Blue Island Trust & Savings Bank was conducting a banking business in Blue Island, was in failing circumstances, and it was decided to reorganize the bank. The method adopted was to organize a new bank, viz., the State Bank of Blue Island, plaintiff, which was to take over the old bank's live assets and assume the deposit liabilities. A new bank was organized; it assumed the deposit liabilities of the old bank amounting to $1,415,203.92, took over the old bank's liquid or bankable assets of the face value of $1,231,366.32, and to meet the requirements of the auditor of public accounts $183,837.60 of new money was put into the new bank by the directors of the old bank individually, including some of defendants. All this is shown by the written contract entered into by the two banks February 27, 1930. That agreement provides, ''The party of the first part [old bank] hereby agrees that at any time within six months from the date hereof it will repurchase for cash or liquid securities any part of the assets shown upon Exhibit A hereto attached which the party of the second part [new bank] may find are not properly bankable securities.'' At the same time and as a part of the same agreement, defendants being directors of the old bank, executed an agreement which recited that, ''In consideration of the making of the foregoing agreement by the State Bank of Blue Island [new bank] we the undersigned, being directors of the said Blue Island

Trust and Savings Bank [old bank] do hereby jointly and severally guarantee the full performance of all the terms and conditions therein contained on the part of said Blue Island Trust and Savings Bank to be performed, and do further agree that in the liquidation of the assets of said Blue Island Trust and Savings Bank . . ." Then follow further provisions not important here. Afterward a further written agreement was entered into extending six months the time within which the repurchase might be made. The auditor of public accounts was consulted and he approved the contract of reorganization entered into February 27, 1930.

January 14, 1930, which was about six weeks prior to the execution of the agreement above mentioned, the old bank closed its doors and a week later its stockholders directed the sale of its liquid assets to plaintiff.

The new bank tendered to the old bank securities, requesting that they be repurchased by the old bank in accordance with the terms of the written agreement. The repurchase not being made, the instant suit was brought, plaintiff claiming $154,371.25.

The auditor of public accounts appointed a receiver of the old bank, later filed his bill to liquidate the old bank and thereafter plaintiff filed its claim with the receiver, based on the fact that the old bank had failed to carry out its agreement to repurchase. The receiver contended that the agreement entered into between the two banks was *ultra vires* and void. The claim was referred to a master in chancery who found the contract valid, plaintiff's claim for $145,310.87 was allowed, and a decree was entered in accordance with the master's report in the liquidation suit.

It is further alleged in the complaint that on May 31, 1929, at a meeting of the directors of the old bank, which was attended by all defendants, a letter was read from the auditor of public accounts calling the attention of the directors to the fact that the bank had extended credit in excess of the "statutory loaning

limit" and that this must be corrected. The letter also called attention of the directors "to the large amount of the funds of your bank which are used by 'the management in financing their operations and their interests' "; and further called attention to specific officers of the bank who had borrowed large sums of money contrary to the statute. About eight months thereafter one of the officers who was chairman of the board, it is alleged committed suicide. He was one of the persons mentioned in the auditor's letter who had borrowed heavily from the bank contrary to the law. Two days after the suicide the auditor closed the bank pursuant to a resolution passed at a meeting of the board of directors of the old bank, which all of the defendants attended. Thereafter it was alleged the plan of reorganization by creating a new bank was conceived and carried out, as above stated.

The learned trial judge in sustaining defendants' motion to strike held that the contract was *ultra vires* and void. He further held that the allowance of plaintiff's claim by the court in the receivership proceeding was not *res adjudicata* as against the defendants in the instant case.

Counsel for defendants contend that the contract entered into between the two banks was void because section 15 of the Banking Act [Ill. Rev. Stat. 1937, ch. 16½, par. 15; Jones Ill. Stats. Ann. 10.16] of this State provided the only method for voluntary dissolution of the bank and that this method was not followed. We are unable to agree with this contention. In the instant case the old bank was in failing circumstances and all parties, including defendants, were trying to protect the depositors. They worked with the auditor of public accounts. He approved what they did, and it has been held that the method of voluntarily dissolving a bank, as pointed out in the statute at the time the contract was made, was not the only method. We hold that the contract was valid and binding. *Sherrard*

*State Bank v. Vernon,* 243 Ill. App. 122; *Groves v. Farmers State Bank,* 368 Ill. 35; *People v. Halsted St. State Bank,* 295 Ill. App. 193.

The instant case is not like *Knass v. Madison & Kedzie Bank,* 354 Ill. 554, cited by counsel for defendants. In that case, while the bank was conducting its business in the usual way, its officers in selling mortgage bonds agreed to repurchase the bonds under certain conditions, and it was held that such practice might jeopardize the interest of depositors of the bank. Such is not the case here. On the contrary, what was done, among other things, was in the interest of the depositors and apparently saved them.

We. are further of opinion that the allowance of plaintiff's claim in the liquidation proceeding (where plaintiff was seeking to enforce the contract involved in this case, and where the receiver interposed the defense that the contract was *ultra vires* and such contention was overruled and the claim allowed) was *res adjudicata* as to the validity of the contract, and binding on these defendants. *Groves v. Farmers State Bank,* 368 Ill. 35; *Smith v. United States Express Co.,* 135 Ill. 279. In the *Groves* case the Farmers State Bank of Woodlawn entered into a contract October 4, 1930, whereby the State Bank transferred to the National Bank all its assets. The National Bank assumed the liabilities of the State Bank and agreed to liquidate its business. The State Bank agreed to save the National Bank harmless from all losses that might ensue. The contract recites that it was made for the purpose of liquidating the State Bank. It was not submitted to nor approved by the auditor of public accounts. Afterward Groves, a creditor of the State Bank, filed his bill on behalf of all creditors to enforce the superadded constitutional liability of the stockholders of the State Bank. A decree was entered fixing the liability of the stockholders and finding that the National Bank was a creditor to the extent of $40,000. Afterward the Na-

tional Bank filed its intervening petition to enforce the contract of October 4th. The receiver of the State Bank, which was then being liquidated, contended that the contract was *ultra vires*. Afterward certain stockholders and creditors of the State Bank filed a motion to vacate the decree on the ground that they were not made parties defendant to the intervening petition and also contending that the contract was *ultra vires* and void. The Supreme Court held the contract was valid and referred to and quoted with approval from *Sherrard State Bank v. Vernon,* 243 Ill. App. 122, and pointed out that the bank was in failing circumstances at the time the contract was entered into; that the decree finding the contract valid and allowing the claims as stated was final, from which no appeal was taken and therefore the decree was binding on all parties, the suit being a representative suit by a creditor of the bank. The court held that the creditors are deemed parties to the cause. It was there said (p. 48): "The stockholders, the State bank and its receiver were named defendants. Not only the stockholders but the other creditors of the State bank were also adequately represented. The circuit court, it is settled, has jurisdiction to entertain a representative suit in equity in which a remedy is furnished to a class of individuals who have common rights and who need protection, and where the remedy is pursued by a complainant who has the right to represent the class to which he belongs, other members of the class are bound by the results in the case until the decree rendered is reversed on appeal."

The judgment of the circuit court of Cook county is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.